UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLARCITY CORPORATION,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DANIEL DORIA,<br><br>　　　　　　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No.:  16cv3085-JAH (RBB)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL [ECF NO. 84] AND DENYING PLAINTIFF'S AND DEFENDANT'S RESPECTIVE REQUESTS FOR SANCTIONS [ECF NOS. 84, 91]** |

On November 21, 2017, Plaintiff SolarCity Corporation filed a Motion to Compel Further Responses to Requests for Production, Set Two, Responsive Documents and for Sanctions (the "Motion to Compel") [ECF No. 84].  Defendant Doria's opposition to Plaintiff's Motion to Compel was filed nunc pro tunc to December 5, 2017 [ECF No. 91]. Plaintiff filed its Reply on December 12, 2017 [ECF No. 93].

For the reasons discussed below, the Court **GRANTS in part** Plaintiff's Motion to Compel [ECF No. 84].  The Court **DENIES** Plaintiff's and Defendant's respective requests for sanctions [ECF Nos. 84, 91].

/ / /

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff SolarCity, a manufacturer and seller of solar energy products and services, employed Defendant Daniel Doria as a sales representative from May 2015 until his termination on October 21, 2016. (Compl. 2-4, ECF No. 1.) On December 23, 2016, SolarCity filed this action alleging that "[o]n at least five separate occasions while Doria was still employed by SolarCity, Doria stole SolarCity's confidential customer information . . . ." (Id. at 2.) Defendant Doria is alleged to have used the information to contact Plaintiff's existing and prospective customers in an "attempt to dissuade them from using SolarCity's products." (Id.) Plaintiff contends that its reputation and relationships with existing and potential customers were damaged, it lost business, and Defendant's conduct violated his employment agreements with Plaintiff. (See id. at 3, 8-11.) SolarCity asserts causes of action for violation of the Defend Trade Secrets Act, the California Uniform Trade Secrets Act, and breach of contract; it seeks injunctive relief, restitution, disgorgement, royalties, compensatory and exemplary damages, penalties, attorney's fees, costs, and interest. (Id. at 2, 12-19.)

On February 21, 2017, Doria answered SolarCity's Complaint [ECF No. 28], and the Court subsequently issued a Scheduling Order Regulating Discovery and Other Pre-trial Proceedings [ECF No. 39]. On June 19, 2017, Plaintiff filed a Motion to Compel Further Responses to Requests for Production, Responsive Documents and for Sanctions [ECF No. 43]. The Court held a hearing on August 2, 2017, and granted in part and denied in part the motion. (See Mins. 1-2, Aug. 3, 2017, ECF No. 54.) The Court ordered Defendant to produce a mirror image of "any computer used by [him] containing any information regarding Plaintiff, Plaintiff's prospective or existing customers, or Plaintiff's employees." (Id. at 1.)

Defendant's Amended Answer and Counter-Claim for Declaratory Judgment Demand for Damages was filed nunc pro tunc to October 16, 2017 [ECF No. 67]. Doria alleges that SolarCity defrauded its clients by "causing them to believe that SolarCity net-metering agreements cannot change" and "omitting virtually all information regarding the

financial instrument . . . known as Solar Renewal Energy Certificates or SREC's from the information distributed to clients." (Am. Answer & Countercl. 12, ECF No. 67.) Defendant Doria further claims that Plaintiff defrauded its employees by "devising a plan to avoid a traditional restructure or 'layoff'" by manipulating the company's sales performance requirements and lead distribution. (Id. at 13.) He also maintains that his employment agreement with SolarCity required arbitration of "all matters regarding Trade Secret disputes" and that SolarCity breached the agreement by filing this action. (Id. at 16.) Defendant alleges causes of action he describes as breach of contract; "violation of the FLSA employer retaliation"; "violation of the FTC fraud and deceptive practices"; "violations of the WARN Act"; "civil conspiracy, concert of action"; and violation of California Civil Code Sections 45 and 46. (Id. at 24-37.)

On October 19, 2017, Plaintiff served Defendant with Requests for Production, Set Two, and Defendant responded to the requests on October 22, 2017. (Mot. Compel Attach. #2 Decl. Mack 2-3, ECF No. 84; see also id. Attach. #5, 2-8.) SolarCity considered Doria's responses insufficient; the parties met and conferred on October 23, 2017, but were unable to resolve the dispute. (Mot. Compel Attach. #2 Decl. Mack 3, ECF No. 84.) Plaintiff filed this motion on November 21, 2017. (See Mot. Compel, ECF No. 84.) On December 21, 2017, the Court entered a protective order governing the parties' disclosure and use of information obtained through discovery in this action. (Protective Order, ECF No. 99.)

## II. LEGAL STANDARDS

### A. Motion to Compel

A party may obtain discovery regarding any nonprivileged matter that is relevant to any claim or defense and proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Relevant information

3

16cv3085-JAH (RBB)

need not be admissible at trial to be discoverable. Id. Relevance is construed broadly to include any matter that bears on, or reasonably could lead to other matters that could bear on, any issue that may be in the case. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350-51 (1978) (footnote and citation omitted)). District courts have broad discretion to determine relevancy for discovery purposes and to limit the scope of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002); see also Fed. R. Civ. P. 26(b)(2)(C) (allowing courts to limit discovery where it would be unreasonably cumulative or duplicative, or can be obtained from a more convenient, less burdensome, or less expensive alternate source; the requesting party has had ample opportunity to obtain discovery; or the discovery sought is beyond the scope of Rule 26(b)(1)).

Federal Rule of Civil Procedure 37 enables the propounding party to bring a motion to compel responses to discovery. Fed. R. Civ. P. 37(a)(3)(B). The party seeking to compel discovery has the burden of establishing that its request satisfies the relevance requirement of Rule 26 of the Federal Rules of Civil Procedure. Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995). The party opposing discovery bears the burden of resisting disclosure. See DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002); Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998).

**B.  Pro Se Litigants**

"In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." Hupp v. San Diego County, Civil No. 12cv0492 GPC (RBB), 2014 WL 1404510, at *2 (S.D. Cal. Apr. 10, 2014) (citing Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996)). Accordingly, parties who choose to represent themselves are expected to follow the rules of the court in which they litigate. Bias v. Moynihan, 508 F.3d 1212, 1223 (9th Cir. 2007) (quoting Carter v. Comm'r, 784 F.2d 1006, 1008-09 (9th Cir. 1986) ("Although pro se, [a litigant] is expected to abide by the rules of the court in which he litigates.")). "[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause

4

for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir. 1991).

### III. DISCUSSION

#### A. Plaintiff's Motion to Compel

Plaintiff seeks to compel Defendant to supplement his responses to Plaintiff's Requests for Production, Set Two, produce responsive documents, and allow reasonable inspection. (Mot. Compel Attach. #1 Mem. P. & A. 1, ECF No. 84.) SolarCity argues that the requests seek discoverable information, Doria's objections lack merit, and Doria did not meet and confer in good faith. (Id. at 4-7.) Plaintiff maintains that the requests are proportionate to the needs of the case and seek relevant information about the parties' claims, Defendant's investigation into the claims, efforts to mitigate damages, and contacts with the media. (Id. at 4-6 (citing Fed. R. Civ. P. 26(b)(1).) SolarCity alleges that Doria advised its counsel that he would produce his current employment contract, if ordered by the Court, but that SolarCity could more efficiently search for other responsive documents. (See Mot. Compel Attach. #2 Decl. Mack 3, ECF No. 84.) Plaintiff argues that Defendant resorts to the Court to "clarify his obligations" and "arbitrate disputes" that should be resolved through meet and confer efforts. (Mot. Compel Attach. #1 Mem. P. & A. 7, ECF No. 84.)

Doria responds that he provided SolarCity with "every single piece of evidence, that exists," and describes his discovery efforts as follows:

> I have offered to Plaintiff, remote access to all devices in question, LIVE time. I have offered to Plaintiff to continue to make mirror images and remote control all mobile devices. I have provided Plaintiff with username and password to all social media accounts and e-mail accounts. Plaintiff requested the mirror images, and personal account accesses. I provided much more.

(Opp'n 2, ECF No. 91.) He contends that Plaintiff hired a third party to copy data from his computer and phone, and claims that "Plaintiff has access to all information" he has access to. (Id. at 3.) Doria further states that the produced data is easily searchable, but

SolarCity refused to expend time and resources to "sift through" the produced evidence. (Id.)

Plaintiff replies that Defendant did not satisfy his duty to search for and provide responsive documents, and conceded the issues raised in the Motion to Compel. (Reply 2-5, 7, ECF No. 93.) SolarCity acknowledges that Doria provided access to his computer and electronically stored information ("ESI"), but argues that even if some responsive documents could be found on Doria's computer, other responsive hard copy documents and materials may exist. (Id. at 3.) Plaintiff claims that the imaging of Defendant's computer was conducted in August 2017, and argues that it is "inconceivable that all documents responsive to [its] requests exist on the August image, especially as [its] requests related to the Counterclaims Doria had not yet asserted at that time and investigations he did not conduct until October 2017." (Id.) SolarCity also asserts that Doria did not refute any "facts, evidence or legal authorities" raised in the Motion to Compel, and therefore admitted that Plaintiff's requests seek discoverable information and his objections lack merit. (Id. at 2; see also id. at 5, 7.)

The Court initially notes that Doria responded to all of the disputed requests in an e-mail stating "Vague, the request is unclear." (Mot. Compel Attach. #5, 2-8, ECF No. 84.) "Objections to discovery requests cannot be conclusory. Proper objections 'show' or 'specifically detail' why the disputed discovery request is improper." Collins v. Landry's, Inc., Case No. 2:13-cv-01674-JCM-VCF, 2014 U.S. Dist. LEXIS 83003, at *8 (D. Nev. June 17, 2014) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)). "Boilerplate, generalized objections are inadequate and tantamount to making no objection at all." Id. at *6-7. Further, when ruling on a motion to compel, a court "generally considers only those objections that have been timely asserted in the initial response to the discovery request and that are subsequently reasserted and relied upon in response to the motion to compel . . . ." Medina v. County of San Diego, Civil No. 08cv1252 BAS (RBB), 2014 WL 4793026, at *8 (S.D. Cal. Sept. 25, 2014) (quoting Calderon v. Experian Info. Sols., Inc., 290 F.R.D. 508, 516 n.4 (D. Idaho, 2013).) If a

party fails to continue to assert an objection in opposition to a motion to compel, courts deem the objection waived. See id. Because Doria's objection to SolarCity's discovery requests were boilerplate and he did not offer any explanation or supporting legal authority in his opposition, the Court overrules those objections. See Medina, 2014 WL 4793026, at *8; see also Rogers v. Giurbino, 288 F.R.D. 469, 480 (S.D. Cal. 2012) (overruling boilerplate objections).

Notably, Defendant does not challenge the relevance of Plaintiff's document requests. (See Opp'n 2-4, ECF No. 91.) Requests number 29, 32-33, 35-44, and 47-52 call for documents related to Doria's allegations in the Amended Answer and Counterclaim,[1] and therefore seek relevant information. (Mot. Compel Attach. #3, 6-9, ECF No. 84.) Requests number 53-54 ask for documents concerning Doria's "investigations" into the allegations in the Complaint and Amended Answer and

---

[1] Specifically, request number 29 seeks "[a]ll Documents created by Defendant, including notes, calendars, journals, diaries, and electronic postings (such as postings on Facebook and other social media sites) which reference, mention or pertain to Plaintiff or the allegations in Defendant's Amended Answer and Counterclaim." (Mot. Compel Attach. #3, 6, ECF No. 84.) Requests 32 and 33 ask for all documents regarding "oral or written" communications between "Defendant and any person which reference, mention or pertain to Defendant's Amended Answer and Counterclaim, or the allegations in Defendant's Amended Answer and Counterclaim[,]" or were "posted on the Facebook chatroom Defendant references in paragraph 49 of Defendant's Counterclaim." (Id.) Paragraph 49 of Doria's Counterclaim states the following: "Since the inception of this case, I have endeavored to gather information from fellow and former employees of SolarCity. A private Facebook chatroom that was founded by Andrew Claudio, a veteran from the early days of SolarCity, now holds 254 current and or former employees of SolarCity as members." (Am. Answer & Countercl. 19, ECF No. 67.) Request number 35 calls for "[a]ll Documents which support or relate to Defendant's contention that Plaintiff breached its contract with Defendant." (Mot. Compel Attach. #3, 6, ECF No. 84.) Requests number 36-40 seek all documents that support or relate to Doria's allegation that SolarCity retaliated against him in violation of the Fair Labor Standards Act, violated the Federal Trade Commission Act and Worker Adjustment and Retraining Notification Act, and engaged in fraud and deceptive practices. (Id. at 7.) Requests number 41-44 ask for all documents "which support or relate to Defendant's contention that Plaintiff and its employees" conspired against him, made false statements, and published false information about him, and that "Plaintiff's representatives have developed a negative reputation in the solar industry." (Id. at 7-8.) Finally, requests 47-52 seek documents regarding net-metering in Nevada, NVEnergy Net Metering, "'grandfathering' of net-metering terms affecting" SolarCity's customers, as well as Doria's sales quota, attendance, and approved time off while employed by SolarCity. (Id. at 8-9.)

Counterclaims. (Id. at 9.) On October 19, 2017, Doria advised SolarCity's counsel that he "discovered" certain information through an investigation, (see Mot. Compel Attach. #2 Decl. Mack 3, ECF No. 84); consequently, the requests seek relevant information.

Requests for production 30-31, 34, and 45-46 seek documents concerning Defendant's mitigation of damages and are highly relevant to this suit. (Mot. Compel Attach. #3, 6, 8, ECF No. 84.) Finally, requests 55-57 ask for documents related to Doria's communications with the media regarding SolarCity and the allegations in the Complaint, the Amended Answer, and Counterclaim. (Id. at 9.) The requested documents are relevant because on May 25, 2017, Defendant advised Plaintiff that he had been contacted by the Wall Street Journal ("WSJ") "in regards to a story they are publishing on SolarCity" and that he would provide "any and all non-confidential information to the WSJ as we move along." (See Mot. Compel Attach. #2 Decl. Mack 2-3, ECF No. 84.) The Court therefore finds that Plaintiff's requests seek relevant information regarding the parties' claims, Doria's investigation into the claims, mitigation of damages, and contacts with the media.

Turing to Doria's production, the parties' pleadings establish that the production consists of ESI. (See Reply 3, ECF No. 93 (containing SolarCity's acknowledgement that Doria provided access to his computer, and it obtained a "mirror image" of the computer in August 2017); see also Opp'n 2, ECF No. 91 (containing Doria's statement that SolarCity hired a third party to copy data from his computer and phone).) Federal Rule of Civil Procedure 34(b)(2)(E) governs the production of documents or electronically stored information.

> Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>
> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

> (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
>
> (iii) A party need not produce the same electronically stored information in more than one form.

Fed. R. Civ. P. 34(b)(2)(E) (emphasis added).

"Rule 34(b)(2)(E)(i) governs hard copy documents, and (E)(ii) governs ESI, with no overlap between," and "[r]equesting parties are entitled to the guarantees of (E)(i) or (E)(ii), but not both." TetraVue, Inc. v. St. Paul Fire & Marine Ins. Co., Case No.: 14cv2021-W (BLM), 2017 WL 1008788, at *7 (S.D. Cal. Mar. 15, 2017) (quoting Anderson Living Trust v. WPX Energy Prod., LLC, 298 F.R.D. 514, 527 (D.N.M. 2014)). This Court agrees with those that "have concluded that imposition of traditional production requirements on ESI was not intended by the amendments to Rule 34(b), which specifically added ESI to the things that must be produced" under Rule 34. See 7 James Wm. Moore et al., Moore's Federal Practice § 34.14[3], at 34-92 to 34-92.1 (3d ed. 2017) (footnote omitted). The rationale for this view is that "ESI is not a subset of 'documents,' but is a new category in addition to documents, and while 'document' production is governed by Rule 34(b)(2)(E)(i), ESI production is governed by [Rule] 34(b)(2)(E)(ii) and not (E)(i)." Id. at 34-92.1. "The drafters of 34(b)(2)(E) contemplated that parties requesting ESI would be able to organize it themselves—in their own way, to their own satisfactory level of thoroughness, and at their own expense—through the use of text-searching technologies like filtering, grouping, and ordering." Anderson Living Trust, 298 F.R.D. at 527 (citing Fed. R. Civ. P. 34 advisory committee's notes to 2006 amendment); see also 7 James Wm. Moore et al., Moore's Federal Practice § 34.14[3], at 34-92.1 ("[T]he searchability of ESI makes such organization unnecessary.") (citing Anderson Living Trust, 298 F.R.D. at 525-27).

SolarCity argues that Doria's provision of access to ESI does not satisfy his discovery obligations because Doria "has the burden of identifying which documents are responsive to which requests, and may not merely produce the entire universe of potentially responsive documents." (Reply 5, ECF No. 93 (citing Queensridge Towers, LLC v. Allianz Glob. Risks U.S. Ins. Co., No. 2:13–cv–00197–JCM–PAL, 2014 WL 496952, at *2 (D. Nev. Feb. 4, 2014).) In Queensridge, the producing party responded to discovery requests by stating that "the answers [were] somewhere among the 20,000 pages of documents [it] has produced, will produce, or is producing, and/or in somewhere in a million pages of construction project documents turned over . . . prior to litigation." Queensridge Towers, LLC, 2014 WL 496952, at *1 (emphasis added). The court found that the producing party did not meet its discovery obligations and required it to identify which documents were responsive to which requests. Id. at *4-6.

In contrast, the production in this case involves ESI and is governed by Federal Rule of Civil Procedure 34(b)(2)(E)(ii). See Fed. R. Civ. P. 34(b)(2)(E)(ii) (requiring the producing party to produce ESI "in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms"). SolarCity may search, filter, group, organize, and index the produced ESI "in their own way, to their own satisfactory level of thoroughness, and at their own expense[.]" See Anderson Living Trust, 298 F.R.D. at 527 ("The drafters of 34(b)(2)(E) contemplated that parties requesting ESI would be able to organize it themselves—in their own way, to their own satisfactory level of thoroughness, and at their own expense—through the use of text-searching technologies like filtering, grouping, and ordering.").

Several of Plaintiff's requests seek electronic postings on Facebook, a private Facebook chatroom, and other social media sites, as well as various written communications. (See Mot. Compel Attach. #3, 6, ECF No. 84.) Because Doria provided SolarCity with the "username and password to all [of his] social media accounts and e-mail accounts[,]" Plaintiff may efficiently search the electronic data in those accounts. (See Opp'n 2, ECF No. 91; see also In re White Tail Oilfield Servs., L.L.C.,

Civil Action No. 11–0009, 2012 WL 4857777, at *3 (E.D. La. Oct. 11, 2012) (noting that the requesting party "could itself access the . . . requested Facebook data" and have a copy of the data e-mailed to the responding party and forwarded to the requesting party, where it already had the producing party's Facebook password); In re Cook Med., Inc., IVC Filters Mktg., Sales Practices & Prods. Liab. Litig., Case No. 1:14-ml-2570-RLY-TAB, 2017 WL 4099209, at *4 (S.D. Ind. Sept. 15, 2017) (finding that the responding party was not required to "foot the expense (and effort) of providing [data that the requesting party could] find in an internet search" where the publicly available social media data was "equally accessible to both parties"); Howell v. Buckeye Ranch, Inc., Civil Action No. 2:11–cv–1014, 2012 WL 5265170, at *1 (S.D. Ohio Oct. 1, 2012) ("Relevant information in the private section of a social media account is discoverable.").)

If Doria deleted any responsive data in his social media and e-mail accounts, he is required to advise SolarCity's counsel that the information was deleted and must attempt to recover the data. See Howell, 2012 WL 5265170, at *2 (requiring the producing party to "attempt to recover the deleted data" and to advise the party seeking disclosure whether "any information in the private sections of the [producing party's social media] accounts has been deleted" after being served with the disputed discovery requests).

By casting a wide discovery net, SolarCity may not now complain about the burden of "sifting through" the produced ESI for the documents it seeks. See Fed. R. Civ. P. 26(b)(1) (allowing discovery regarding any nonprivileged matter that is relevant to any claim or defense and proportional to the needs of the case) (emphasis added). Doria is not required to further sort or label the produced ESI to correspond to SolarCity's individual discovery requests. Accordingly, the Court **DENIES** Plaintiff's Motion to Compel to the extent it seeks further labeling and sorting of the produced ESI. See Anderson Living Trust, 298 F.R.D. at 518 (denying the motion to compel the responding party to label or organize the produced ESI to correspond to individual

discovery requests); see also TetraVue, Inc., 2017 WL 1008788, at *8 (denying the requesting party's motion to compel further production or labeling of the produced ESI). Plaintiff, however, may depose Defendant regarding the manner in which he maintains his electronic records to identify search terms and to simplify the search of produced ESI.

The imaging of Doria's computer was conducted over four months ago; Doria is required to supplement his production if additional responsive documents have been created post-imaging. He is also required to supplement his production if any responsive documents exist in non-electronic format. See Fed. R. Civ. P. 26(e)(1). A party who has responded to a request for production is required to "supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ." Id.; see also Medina, 2014 WL 4793026, at *12 (reminding the responding party of its duty to supplement or correct incomplete or inaccurate discovery responses). If there are no additional responsive documents, Doria is **ORDERED** to state so under oath and describe his efforts to locate responsive documents. See 7 James Wm. Moore, et al., Moore's Federal Practice § 34.13[2][a], at 34-57 (providing that when a party responds to a document request with an answer, as opposed to production or an objection, the party must answer under oath) (footnote omitted); see also Bryant v. Armstrong, 285 F.R.D. 596, 603 (S.D. Cal. 2012) ("If there are no other responsive documents in [d]efendant's possession, custody, or control, after conducting this further attempt to locate records, [the party resisting discovery] must state so under oath and describe efforts [the party] made to locate responsive documents.") (citing Vazquez–Fernandez v. Cambridge Coll., Inc., 269 F.R.D. 150, 155 (D.P.R. 2010)).

///
///

The Court therefore **GRANTS in part** Plaintiff's Motion to Compel. Doria is **ORDERED** to supplement his production with responsive documents or post-imagining ESI by **February 8, 2018**. If no additional documents or ESI exist, by **February 8, 2018**, Defendant must provide a sworn declaration describing his efforts to locate responsive items.

### B. Plaintiff's and Defendant's Respective Requests for Sanctions

Plaintiff contends that Defendant unjustifiably refused to search for and provide responsive documents, and it seeks at least $5,000 in sanctions as reimbursement for its attorney's fees associated with bringing the Motion to Compel. (Mot. Compel Attach. #1 Mem. P. & A. 7-8, ECF No. 84; Reply 2, 6-7, ECF No. 93 (citing Fed. R. Civ. P. 37).) SolarCity further argues that there are no circumstances in this case making the award of sanctions unjust. (Reply 6, ECF No. 93.) In support of Plaintiff's request for sanctions, Plaintiff's counsel submitted a declaration describing his professional qualifications, hourly rates, and the hours expended on the motion. (See Mot. Compel Attach. #2 Decl. Mack 4-5, ECF No. 84.) SolarCity also asks the Court to "admonish Doria that future discovery misconduct may subject him to more severe sanctions, up to and including dismissal of his Counterclaim." (Reply 6, ECF No. 93.) Defendant responds that he complied with his discovery obligations. (See Opp'n, ECF No. 91.)

Doria seeks $15,000 in sanctions against SolarCity. (Id. at 4.) Plaintiff responds that Defendant is not entitled to the sanctions that he seeks. (Reply 6, ECF No. 93.) SolarCity argues that Doria cannot recover attorney's fees because he is not an attorney, and that he has not presented any evidence establishing any costs associated with opposing the Motion to Compel. (Id.)

Rule 37(a)(5)(C) of the Federal Rules of Civil Procedure provides that "[i]f the motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5). "By the very nature of its language, sanctions imposed under Rule 37 must be left to the sound discretion of the trial judge." O'Connell v. Fernandez–Pol, 542 F.

App'x. 546, 547-48 (9th Cir. 2013) (citation omitted). "[T]he burden of showing substantial justification and special circumstances is on the party being sanctioned." Cruz v. Aurora Loan Servs., LLC, Case No. 3:15-cv-00585-LB, 2016 WL 2621795, at *5 (N.D. Cal. May 9, 2016) (quoting Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994)).

As discussed above, the Court is granting in part and denying in part Plaintiff's Motion to Compel. In light of the parties' disagreement about the sufficiency of Doria's ESI production, Doria's position was "substantially justified"; and the Court exercises its discretion and **DENIES** Plaintiff's request for monetary sanctions. See Fed. R. Civ. P. 37(a)(5)(C); O'Connell, 542 F. App'x at 547-48 (9th Cir. 2013); see also Franklin v. Smalls, Civil No. 09cv1067 MMA(RBB), 2012 WL 5077630, at *32 (S.D. Cal. Oct. 18, 2012) ("A request for discovery is 'substantially justified' under Rule 37 if reasonable people could differ on the matter in dispute.") (citing United States EEOC v. Caesars Entm't, Inc., 237 F.R.D. 428, 435 (D. Nev. 2006)). Further, although Doria seeks $15,000 in sanctions against SolarCity, he does not provide any facts or legal authority to substantiate his request, and the Court does not find that sanctions against SolarCity are warranted. (See Opp'n, ECF No. 91). Accordingly, the Court **DENIES** Defendant's request for monetary sanctions against Plaintiff.

## IV. CONCLUSION

For the reasons set forth above, the Court enters the following **ORDERS**:

1. Plaintiff's Motion to Compel [ECF No. 84] is **GRANTED in part and DENIED in part**. Doria is required to supplement his production with responsive documents or post-imagining ESI by **February 8, 2018**. If there are no additional responsive documents or ESI, Defendant must provide a sworn declaration describing his efforts to locate responsive items by **February 8, 2018**; and

///
///

14

16cv3085-JAH (RBB)

2. SolarCity's and Doria's respective requests for sanctions [ECF Nos. 84, 91] are **DENIED**.

**IT IS SO ORDERED.**

Dated: January 18, 2018

*Ruben Brooks*
Hon. Ruben B. Brooks
United States Magistrate Judge