UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLARCITY CORPORATION,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DANIEL DORIA, an individual<br><br>　　　　　　　　　　Defendant.<br><hr>DANIEL DORIA, an individual,<br><br>　　　　　　　　　　Counter-Claimant,<br><br>v.<br><br>SOLARCITY CORPORATION,<br><br>　　　　　　　　　　Counter-Defendant. | Case No.: 16cv3085-JAH (RBB)<br><br>**ORDER GRANTING COUNTER-DEFENDANT'S MOTION TO DISMISS COUNTER-CLAIMANT'S COUNTERCLAIMS** |

//

## INTRODUCTION

Presently before the Court is Counter-Defendant SolarCity Corporation's ("SolarCity" or "Counter-Defendant") Motion to Dismiss Counter-Claimant Daniel Doria's ("Doria" or "Counter-Claimant") counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. No 78]. After a careful review of the pleadings filed by both parties, and for the reasons set forth below, SolarCity's Motion to Dismiss is **GRANTED**.

## BACKGROUND

On December 23, 2016, SolarCity initiated this action, filing claims against Doria for breach of contract and violation of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, *et seq*. ("DTSA"). See Doc. No. 1. On October 18, 2017, Doria filed an amended answer, which included counterclaims against SolarCity for: (1) breach of contract, (2) employer retaliation in violation of the Fair Labor and Standards Act ("FLSA"), (3) violation of the Federal Trade Commission Act ("FTC"), (4) violation of the Work Adjustment and Retraining Notification Act ("WARN"); (5) civil conspiracy, and (6) violation of California Civil Code sections 45 and 46. See Doc. No. 67. On November 8, 2017, SolarCity filed its Motion to Dismiss Doria's counterclaims. [Doc. No. 78]. Having been fully briefed by the parties, the Court deemed the matter suitable for disposition without oral argument, and took SolarCity's Motion to Dismiss under submission pursuant to Civil Local Rule 7.1.d.1. See Doc. No. 102.

## DISCUSSION

### I. Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss for failure to state a claim for relief. Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, the plaintiff is required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and

2

"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (citing Iqbal, 556 U.S. at 678). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the reviewing court must assume the truth of all factual allegations and construe them in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557).

### a. Breach of Contract

Doria alleges that he and SolarCity entered into an "employment agreement" which included an arbitration clause. See Doc. No. 67, ¶ 83. Doria contends that, pursuant to that arbitration clause, SolarCity was obligated to exhaust arbitration remedies prior to filing a lawsuit. Id. at ¶ 88. Doria asserts the employment agreement was breached when SolarCity filed this lawsuit without seeking resolution through arbitration. Id. SolarCity contends that Doria waived enforcement of the arbitration provision when he dismissed his unopposed

3

motion to compel arbitration. See Doc. No. 78–1, pg. 8–9. Moreover, SolarCity argues Doria's breach of contract claim is barred by the litigation privilege. Id.

As an initial matter, the Court must first determine which substantive law applies to this claim. When adjudicating state law claims, such as a breach of contract, the Court must apply both the substantive law and the choice-of-law rules of the forum state. Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 (1938); Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1940). Typically, in actions involving a contract, a choice-of law-provision will govern its interpretation, but in this case, the pleadings do not indicate whether a choice-of-law provision was included in the employment agreement. See Cal. Civ. Code § 1646.5. When a contract fails to specify the applicable law, California law is presumed to apply, subject to a three part "governmental interest analysis".[1] Abogados v. AT & T, Inc., 223 F.3d 932, 934 (9th Cir.2000); Casey v. Olson, No. 09CV1111 JAH POR, 2010 WL 3516930, at *2 (S.D. Cal. Sept. 8, 2010) (citing Marsh v. Burrell, 805 F.Supp. 1493, 1496 (N.D.Cal.1992)). Ultimately, "when neither party identifies a meaningful conflict between California law and the law of another state, California courts apply California law." Homedics, Inc. v. Valley Forge Ins. Co., 315 F.3d 1135, 1138 (9th Cir.2003). Doria alleges that he entered into a "Nevada Employment contract" while "resid[ing] in the State of Nevada," however, Doria never alleges that Nevada law should govern his contract claim, nor does he argue a meaningful conflict of law between the jurisdictions. Doc. No. 67, ¶¶ 1, 3. Accordingly, this Court will apply California law.

\\

---

[1] "First, the court examines the substantive law of each jurisdiction to determine whether the laws differ as applied to the relevant transaction. Second, if the laws do differ, the court must determine whether a 'true conflict' exists in that each of the relevant jurisdictions has an interest in having its law applied. If only one jurisdiction has a legitimate interest in the application of its rule of decision, there is a false conflict and the law of the interested jurisdiction is applied. On the other hand, if more than one jurisdiction has a legitimate interest the court must move to the third stage of the analysis, which focuses on the comparative impairment of the interested jurisdictions. At this stage, the court seeks to identify and apply the law of the state whose interest would be the more impaired if its law were not applied." Abogados v. AT & T, Inc., 223 F.3d 932, 934 (9th Cir.2000) (internal quotations and citations omitted).

### i. Waiver

"The right to arbitration, like other contractual rights, can be waived." Martin v. Yasuda, 829 F.3d 1118, 1124 (9th Cir. 2016) (citing United States v. Park Place Assocs., Ltd., 563 F.3d 907, 921 (9th Cir. 2009). Prior to the filing of his counter-claims, Doria proffered a clear and unambiguous waiver of his contractual right to arbitration. On January 24, 2017, Doria filed a motion for summary judgment for failure to exhaust arbitration remedies, which this Court construed as a motion to compel arbitration.[2] See Doc. Nos. 18, 21. On April 12, 2017, Doria submitted a declaration requesting to withdraw his unopposed motion to compel arbitration wherein he maintained that ". . . there is no better venue for this matter to be heard, when this degree of civil dispute has arisen, than in the courts. . . ." See Doc. No. 33, pg. 2. Doria further declared that, ". . . [he] wish[es] to withdraw [his] Motion to Compel Arbitration, wa[i]ve [his] right to arbitration in this case, and proceed with the jury trial [SolarCity] has demanded." Id. at pg. 3.

"California courts will find waiver when a party intentionally relinquishes a right or when that party's acts are so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished." Farhang v. Indian Inst. of Tech., Kharagpur, No. C-08-02658 RMW, 2010 WL 3504897, at *2 (N.D. Cal. Sept. 7, 2010); see also BNSF Ry. Co. v. San Joaquin Valley R.R. Co., No. CV F 08-1086 AWI SMS, 2012 WL 1355662, at *12–13 (E.D. Cal. Apr. 18, 2012) (plaintiff estopped from claiming damages arising from contract after repeatedly accepting performance with notice of

---

[2] Pursuant to Federal Rule of Evidence 201, the Court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). It is well settled that this Court may take judicial notice of other filings in its own docket without converting the motion to dismiss into a motion for summary judgment. See Chandler v. United States, 378 F.2d 906, 909 (9th Cir. 1967) (accepting proposition that "a federal district court can take judicial notice of its own records" and that "this is the established rule."); see also United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may ... consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."). Accordingly, the Court will take judicial notice of Doria's motion to compel arbitration as well as his withdrawal of motion to compel arbitration. [Doc. Nos. 18, 33].

potential breach). Here, the Court finds that Doria intentionally relinquished and waived the arbitration clause of his employment agreement, and as such, any breach of contract claim based on that clause is precluded. Accordingly, Doria's breach of contract claim is **DISMISSED with prejudice.**[3]

### b. FLSA Employer Retaliation

The FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3), provides that it shall be unlawful for "any person" to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act. . ." The elements of a retaliation claim under § 15(a)(3) of the FLSA's anti-retaliation provision are: (1) the plaintiff must have engaged in statutorily protected conduct under § 15(a)(3) of the FLSA, or the employer must have erroneously believed that the plaintiff engaged in such conduct; (2) the plaintiff must have suffered some adverse employment action; and (3) a causal link must exist between the plaintiff's conduct and the employment action. Here, Doria alleges two forms of retaliation that occurred after a complaint with the "Labor Commissioner" was filed, an assault by another employee and withholding of his final wages. See Doc. No. 67, ¶¶ 114–115.

#### i. Assault by Guy Zubia

Doria alleges that Guy Zubia, a former team leader for SolarCity, assaulted him in the workplace. Id. at ¶ 108. Doria further asserts that Mr. Zubia, who was terminated after the incident, had "expressed disdain for [him] in the past regarding [his] legal position with SolarCity." Id. at ¶¶ 109, 110. Finally, Doria claims that even though Regional Sales Manager Stanley Watkins knew of Mr. Zubia's contempt for Doria, no action was taken to prevent an escalation in hostilities. Id. at ¶ 111. SolarCity argues that an assault by a co-worker cannot form the basis of an FLSA retaliation claim. See Doc. No. 78–1, pg. 9. More

---

[3] Finding dismissal warranted on other grounds, the Court will not address SolarCity's litigation privilege argument.

specifically, SolarCity contends that an employer is not responsible for an employee's actions when those actions were "independent of employment, were not committed within the course and scope of employment, and were not reasonably foreseeable under the circumstances." Id. Additionally, SolarCity asserts that Mr. Zubia's conduct was not ratified by SolarCity as evidenced by his suspension, and ultimate termination. Id.

The threshold question here is whether an alleged "assault" by a fellow employee is an "adverse employment action" sufficient to satisfy the second element under § 15(a)(3). Several courts, including the Supreme Court, have analyzed the intent behind the anti-retaliation provision of the FLSA, and their analysis is particularly helpful in resolving this question. The Third Circuit has held that "[t]he anti-retaliation provision [of the FLSA] was designed to encourage employees to report suspected wage and hour violations by their employers." Brock v. Richardson, 812 F.2d 121, 124 (3d Cir. 1987). "[T]he [Supreme] Court has made clear that the key to interpreting the anti-retaliation provision is the need to **prevent employees' fear of economic retaliation** for voicing grievances about substandard conditions. Id. (emphasis added); see also Lambert v. Ackerley, 180 F.3d 997, 1004 (9th Cir. 1999) ("The FLSA's anti-retaliation clause is designed to ensure that employees are not compelled to risk their jobs in order to assert their wage and hour rights under the Act."). Consistent with that interpretation, courts typically find an "adverse employment action" when there has been some negative effect on an employee's economic capacity or work related responsibilities. See Moser v. Ind. Dep't of Corr., 406 F.3d 895, 904 (7th Cir.2005) (quoting Crady v. Liberty Nat'l Bank & Trust Co., 993 F.2d 132, 136 (7th Cir.1993)). ("An adverse employment action 'might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.'").

SolarCity argues the alleged assault by Guy Zambia cannot form the basis of a FLSA retaliation claim, and this Court agrees. The Court is unpersuaded that a workplace assault committed by a fellow employee, regardless of the motive, is an "adverse employment

7

action" sufficient to satisfy the second element under § 15(a)(3). Accordingly, SolarCity's Motion to Dismiss as to Doria's FLSA employer retaliation claim relating to the assault by Guy Zumbia is **DENIED**.

### c. Violation of the FTC Act

Doria's third claim asserts a violation of the FTC Act for fraud and deceptive practices, pursuant to 15 U.S.C. § 45(a). See Doc. No. 67, ¶¶ 120–135. SolarCity argues that Doria lacks standing to assert such a claim. The FTC Act prohibits "unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a)(1). It further provides that "*[t]he Commission* is hereby empowered and directed to prevent persons, partnerships, or corporations . . . from using unfair methods of competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce." Id. at § 45(a)(2) (emphasis added). "[P]rivate litigants may not invoke the jurisdiction of the federal district courts by alleging that defendants engaged in business practices proscribed by 5(a)(1). The [FTC] Act rests initial remedial power solely in the Federal Trade Commission." Dreisbach v. Murphy, 658 F.2d 720, 730 (9th Cir. 1981). As a private citizen, Doria lacks standing to assert the alleged violations of the FTC Act, and as such, Doria's FTC Act claim must be **DISMISSED with prejudice**.

### d. Violation of the WARN Act

Doria's fourth claim asserts a violation of the WARN Act pursuant to 29 U.S.C. § 2101. Doria alleges that beginning in December of 2016, SolarCity implemented a layoff strategy which reduced SolarCity's Las Vegas workforce by approximately eighty percent. See Doc. No. 67, ¶ 10. Doria further alleges that SolarCity failed to provide the mandated sixty-day notice to the terminated employees prior to the layoffs. Id. at ¶ 13. SolarCity argues that Doria lacks Article III standing to bring a WARN Act claim because he was terminated "for cause" several months before the alleged "layoffs" began, and thus suffered no actual injury. See Doc. No. 78–1, pg. 12.

\\
\\

8

16cv3085-JAH (RBB)

### i. Standing

"A suit brought by a plaintiff without Article III standing is not a case or controversy, and an Article III federal court therefore lacks subject matter jurisdiction over the suit." City of Oakland v. Lynch, 798 F.3d 1159, 1163 (9th Cir. 2015) (internal quotations omitted). To satisfy Article III's standing requirement, Doria must show:

> (1) [he] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180–81 (2000).

The Court finds that Doria failed to allege that he was subjected to a "layoff" in violation of the WARN Act, and in fact, his allegations support a conclusion to the contrary. Doria alleges that SolarCity began the layoffs in December of 2016, however Doria admits to being terminated several months prior, in October of 2016. See Doc. No. 67, ¶¶ 137, 154. Because Doria has failed to allege that he has suffered an injury-in-fact from the alleged "layoffs," he lacks standing to bring this action. Doria's claim for violation of the WARN Act is **DISMISSED with prejudice**.[4]

### e. Civil Conspiracy

"As a threshold matter, civil conspiracy is not a separate and distinct cause of action under California law." AccuImage Diagnostics Corp v. Terarecon, Inc., 260 F. Supp. 2d 941, 947 (N.D. Cal. 2003) (citing Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1228 (9th Cir.1997), cert. denied, 523 U.S. 1021 (1998)). However, while "[c]ivil conspiracy is not a cause of action," it is "a legal doctrine that imposes

---

[4] Having determined that Doria failed to allege an injury-in-fact, the Court need not examine whether Doria has sufficiently alleged the additional elements necessary to satisfy Article III's standing requirement.

liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal.4th 503, 510-511, 28 Cal.Rptr.2d 475, 869 P.2d 454 (1994). Liability for civil conspiracy requires three elements: "(1) formation of the conspiracy (an agreement to commit wrongful acts); (2) operation of the conspiracy (commission of the wrongful acts); and (3) damage resulting from operation of the conspiracy." People v. Beaumont Investment, Ltd., 111 Cal. App. 4th 102 (2003).

SolarCity argues that "a corporation cannot be named as a conspiracy defendant interacting with its own agents and employees" as they are "one and the same." Doc. No. 78–1, pg. 13. This correctly states the "agent's immunity rule" which bars conspiracy claims between and against agents and their principals. See Doctors' Co. v. Super. Ct., 49 Cal.3d 39, 45 (1989). An exception to this rule allows directors and officers of a corporation to be held personally liable if they "directly order[], authorize[] or participate[] in the tortious conduct." Wyatt v. Union Mortg. Co., 24 Cal. 3d 773, 785 (1979). Because Doria failed to name the "SolarCity executive officers, and middle management" as individual Defendants in his counter-claims this exception cannot apply. See Doc. No. 67, ¶ 160. SolarCity is the sole counter-defendant in this case, and Doria fails to explain how SolarCity can conspire with itself. Accordingly, Doria's fifth cause of action for civil conspiracy is **DISMISSED with prejudice**.

### f. Violation of California Civil Code §§ 45–46

Doria's sixth cause of action is for libel and slander in violation of California Civil Code §§ 45, 46. Id. at 164–172. Doria alleges that a witness overheard two SolarCity employees discussing "the outcome of this case as if it has already occurred." Id. at ¶ 166. Specifically, these two employees were heard expressing the sentiment that Doria would be required to pay a substantial judgment to SolarCity. Id. at ¶ 167. SolarCity argues that the "interested person privilege" pursuant to California Civil Code section 47(c) applies, as Doria failed to allege any malice necessary to prevent such a privilege. See Doc. No.

78–1, pg. 15. SolarCity further contends that Doria's claims are otherwise insufficient as the statements are opinion and not fact, nor are they necessarily false. Id. at 16–17

### i. "Common Interest" privilege

Privilege is an affirmative defense to a claim of defamation. Beroiz v. Wahl, 84 Cal. App. 4th 485, 492 (2000). Generally, affirmative defenses may not be considered in a motion to dismiss unless the existence of such affirmative defense is apparent on the face of the pleadings. H & M Assocs. v. City of El Centro, 109 Cal. App. 3d 399, 405 (Ct. App. 1980) (citing Lowell v. Mother's Cake & Cookie Co., 79 Cal.App.3d 13, 19 (1978). "With respect to the question of the legal sufficiency of a complaint in a libel action, it appears to be well settled that where the existence of the privilege is disclosed on the face of the complaint, the privilege is available as a defense on [a motion to dismiss]." Jackson v. Underwriters' Report, 21 Cal. App. 2d 591, 593 (1937) (citing Gosewisch v. Doran, 161 Cal. 511, 516 (1911).

Section 47(c) of the California Civil Code states, in pertinent part: "A privileged publication . . . is one made [i]n a communication, without malice, to a person interested therein. . . ." California courts have found that parties in a business relationship "have the requisite 'common interest' for the privilege to apply." King v. United Parcel Serv., Inc., 152 Cal. App. 4th 426, 440 (2007) (citing Kashian v. Harriman 98 Cal.App.4th 892, 913, 930–931(2002)). Doria alleges that "Regional Sales Manager Brian Dickens ("Dickens") and Inside Sales Direct, Gary Algood" ("Algood") were overheard discussing the outcome of this pending case "as if it ha[d] already occurred." Doc. No. 67, ¶ 166. Allegedly, Dickens and Algood remarked that this case had resolved in SolarCity's favor and the judgment would require Doria to pay SolarCity "fifty cents [of] every dollar" he makes in his lifetime. Id. at ¶ 167. Here, the existence of this qualified privilege is evident from the allegations of the complaint itself. As employees of SolarCity, Dickens and Algood were each interested persons in the pending lawsuit against their employer, and they directed their communications to one another. Thus, the communications are entitled to the "common interest privilege" unless the statements were alleged to be malicious.

"[I]f malice is shown, the privilege is not merely overcome; it never arises in the first instance." Kashian v. Harriman, 98 Cal. App. 4th 892, 914–15 (2002). "The malice necessary to defeat a qualified privilege is actual malice which is established by a showing that the publication was motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable ground for belief in the truth of the publication and thereafter acted in reckless disregard of the plaintiff's rights." Hawran v. Hixson, 209 Cal. App. 4th 256, 288 (2012). General allegations of malice will not suffice, rather "actual facts of malice must be alleged or be apparent from the communications themselves." Martin v. Kearney, 51 Cal. App. 3d 309, 312 (Ct. App. 1975). Here, Doria's complaint is bereft of any facts establishing malice in the communications between Dickens and Algood. Nothing in the complaint suggests that the statements were motivated by hatred or ill will, nor does Doria allege the statements were made in reckless disregard of the truth. The Court finds the alleged communications qualify as privileged, consequently Doria's sixth cause of action for violation of California Civil Code §§ 45–46 is **DISMISSED without prejudice**.

## CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. SolarCity's Motion to Dismiss Doria's counter-claims pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**;
2. SolarCity's Motion to Dismiss is **GRANTED with prejudice** as to Doria's claims for (1) Breach of Contract, (2) Violation of FLSA as to assault by fellow employee Guy Zubia,[5] (3) Violation

---

[5] Doria also alleges that SolarCity's General Counsel, Muizz Rafique, further retaliated against him by knowingly withholding payment of his final wages after he was terminated from the company. See Doc. No. 67, ¶ 25. According to Doria, Mr. Rafique denied his requests for payment twice, and only after "unnecessary urging" was his final pay issued. Id. at ¶ 26. SolarCity does not address this specific claim of retaliation in its Motion to Dismiss or in its reply brief. Although the Court harbors doubt about the legal sufficiency of Doria's FLSA retaliation claim based solely on post-termination conduct, it will not address the issue *sua sponte*. Seismic Reservoir 2020, Inc. v. Paulsson, 785 F.3d 330, 335 (9th Cir. 2015)

of the FTC Act, (4) Violation of the WARN Act, and (5) Civil Conspiracy;

3. SolarCity's Motion to Dismiss is **GRANTED without prejudice** as to Doria's claims for Violation of California Civil Code §§ 45–46;

4. To the extent that Doria is able to cure the noted deficiencies, Doria may file a Second Amended Counter-claim **within twenty-one (21) days** from the date of this Order. Doria is precluded from adding additional parties or additional claims.

**IT IS SO ORDERED.**

Dated: May 16, 2018

_____
JOHN A. HOUSTON
United States District Judge

---

(holding that while a district court may dismiss a claim *sua sponte*, it is generally discouraged, and the court must first provide notice to the aggrieved party of its intention to dismiss so they may timely oppose). Accordingly, Doria's FLSA employer retaliation claim relating to withholding payment of final wages remains pending.

13

16cv3085-JAH (RBB)