# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

SOLARCITY CORPORATION,

    Plaintiff,

v.

DANIEL DORIA, an individual

    Defendant.

---

DANIEL DORIA, an individual,

    Counterclaimant,

v.

SOLARCITY CORPORATION,

    Counter-Defendant.

Case No.: 16-cv-3085-JAH (RBB)

**ORDER GRANTING COUNTER-DEFENDANT'S MOTION TO DISMISS AND DENYING MOTION TO STRIKE AS MOOT [Doc. No. 152]**

On December 23, 2016, SolarCity Corporation ("SolarCity") initiated this action, filing claims against Daniel Doria ("Doria") for breach of contract and violation of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, *et seq*. ("DTSA"). On October 18, 2017, Doria filed an amended answer, which included numerous counter-claims against

1

SolarCity. See Doc. No. 67. On May 16, 2018 this Court dismissed with prejudice Doria's counter-claims for breach of contract, employer retaliation in violation of the Fair Labor and Standards Act ("FLSA")–as to an assault by fellow employee Guy Zubia, violation of the Federal Trade Commission Act ("FTC"), violation of the Work Adjustment and Retraining Notification Act ("WARN"), and civil conspiracy. See Doc. No. 142. The Court dismissed without prejudice Doria's counter-claim asserting a violation of the California Civil Code §§ 45–46, and refused to *sua sponte* address Doria's FLSA retaliation counter-claim pertaining to the withholding of final wages. Id. On June 6, 2018 Doria filed the operative Second Amended Counter-Claim ("SACC"). Doc. No. 147. On June 27, 2018 SolarCity moved to strike and dismiss Doria's SACC pursuant to Federal Rules of Civil Procedure 12(f), 12(b)(6), and 41(b). See Doc. No. 152–1. To date, Doria has not opposed SolarCity's motion.

Civil Local Rule 7.1(f)(3)(c) provides that "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Moreover, the Ninth Circuit has recognized that failure to follow a district court's local rules is a proper ground for dismissal. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (affirming a district court's dismissal of a *pro se* plaintiff's complaint for failure to timely oppose a motion to dismiss where he had notice of the motion and ample time to respond).

In this case, the hearing date for Solar City's Motion to Strike and Dismiss was scheduled for August 27, 2018 at 2:30 p.m. Local Rule 7.1.e.2 requires that an opposition must be filed and served no later than fourteen (14) calendar days prior to the noticed hearing, therefore, Doria's opposition was due by August 13, 2018. The Court has not received any opposition by Doria, nor has he requested additional time to file such an opposition. Additionally, there is no evidence that SolarCity's motion failed to reach the mailing address designated in the proof of service or that Doria is unaware of the pending

motion.[1] As such, pursuant to Civil Local Rule 7.1(f)(3)(c), the Court deems Doria's failure to oppose SolarCity's Motion to Strike and Dismiss as consent to granting it.

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. SolarCity's Motion to Dismiss Doria's SACC is **GRANTED** [Doc. No. 152];
2. SolarCity's Motion to Strike is **DENIED as moot** [Doc. No. 152];
3. Doria's counter-claims are **DISMISSED** in their entirety;
4. Doria **must seek leave from this Court** should he desire to file an amended counter-claim in the future.

**IT IS SO ORDERED.**

Dated: August 28, 2018

JOHN A. HOUSTON
United States District Judge

---

[1] The Court notes that Doria has been quite meticulous in both filing and opposing motions throughout the nearly two years of litigation in this case.

3