UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLARCITY CORPORATION, | Case No.: 16cv3085-JAH (RBB) |
| Plaintiff, | **REPORT AND RECOMMENDATION DENYING DEFENDANT'S MOTION FOR TERMINATING SANCTIONS AND ORDER:** |
| v. | |
| DANIEL DORIA, | **(1) DENYING PLAINTIFF'S REQUESTS TO STAY DISCOVERY-RELATED MOTIONS AND FIND DEFENDANT IN CONTEMPT, DEFENDANT'S MOTIONS TO STRIKE HIS DEPOSITION TESTIMONY AND TO APPOINT COUNSEL, AND PLAINTIFF'S AND DEFENDANT'S RESPECTIVE REQUESTS FOR SANCTIONS;** |
| Defendant. | |
| | **(2) DENYING AS MOOT DEFENDANT'S MOTION TO CROSS-EXAMINE HIMSELF; AND** |
| | **(3) GRANTING IN PART PLAINTIFF'S REQUEST TO STRIKE [ECF NOS. 113, 145]** |

On February 5, 2018, Defendant Daniel Doria filed a Motion for Contempt Sanctions (the "Motion for Contempt") [ECF No. 113]. The action was stayed on February 20, 2018, and the stay was lifted on May 2, 2018 [ECF Nos. 123, 139]. On May 16, 2018, the Motion for Contempt was referred to this Court [ECF No. 141]. Pursuant to the Court's briefing schedule, Plaintiff SolarCity Corporation ("SolarCity") filed an Opposition to the motion on May 31, 2018 [ECF Nos. 143, 145]. On June 7, 2018, Defendant submitted his Reply, which the Court accepted on discrepancy on June 12, 2018 [ECF Nos. 149, 150].

For the reasons discussed below, Doria's motion for terminating sanctions, (Mot. Contempt Sanctions 3, ECF No. 113), should be **DENIED**. The Court **DENIES** Plaintiff's requests to stay discovery-related motions and to find Defendant in contempt, (Opp'n 4, 9-10, ECF No. 145), Defendant's motions to strike his deposition testimony and to appoint counsel, (see Mot. Contempt Sanctions Attach. #1 Mem. P. & A. 17, ECF No. 113; Reply 12, ECF No. 150), and Plaintiff's and Defendants' respective requests for sanctions, (see Mot. Contempt Sanctions Attach. #1 Mem. P. & A. 5, 16, ECF No. 113; Opp'n 10, ECF No. 145; Reply 12, ECF No. 150). Doria's motion to cross-examine himself is **DENIED as moot** (Mot. Contempt Sanctions Attach. #1 Mem. P. & A. 6-8, ECF No. 113). The Court **GRANTS IN PART** SolarCity's request to strike, (Opp'n 9, ECF No. 145).

# I. FACTUAL BACKGROUND

Plaintiff SolarCity, a manufacturer and seller of solar energy products and services, employed Defendant Daniel Doria as a sales representative from May 2015, until his termination on October 21, 2016. (Compl. 2-4, ECF No. 1.) On December 23, 2016, SolarCity filed this action alleging that "[o]n at least five separate occasions while Doria was still employed by SolarCity, Doria stole SolarCity's confidential customer information . . . ." (Id. at 2.) Plaintiff claims that Defendant stole contact information for at least 1,343 customers by accessing its confidential customer database, copying the information, and sending it to his personal e-mail address. (Id.) SolarCity alleges Doria "used that confidential information to send the solar warning email to an unknown

number of SolarCity customers in an attempt to dissuade them from entering into a contract with SolarCity or to terminate their existing contracts with SolarCity." (Id. at 8.) Plaintiff contends its reputation and relationships with existing and potential customers were damaged, it lost business, and Defendant's conduct violated his employment agreements with Plaintiff. (See id. at 3, 8-11.) SolarCity asserts causes of action for violations of the Defend Trade Secrets Act and the California Uniform Trade Secrets Act, and breach of contract. (Id. at 2, 12-16.)

## II. PROCEDURAL BACKGROUND

On December 27, 2016, Plaintiff filed an Application for Temporary Restraining Order and Request for Order to Show Cause re Preliminary Injunction [ECF No. 3]. United States District Judge John A. Houston granted the application on January 11, 2017, and enjoined Doria from (1) "altering, destroying, or disposing of any evidence or other materials" related to this action; (2) "failing to take all necessary steps to preserve documents, data," and other materials relating to the action; and (3) "directly or indirectly accessing, using, disclosing, or making available" SolarCity's customer data. (See Order Granting Pl.'s Appl. TRO 2-3, ECF No. 15.) On January 31, 2017, Judge Houston issued an Order Granting Plaintiff's Motion for Preliminary Injunction with the same restrictions [ECF No. 22].

Doria answered SolarCity's Complaint on February 21, 2017 [ECF No. 28]. The Court subsequently issued a Scheduling Order Regulating Discovery and Other Pre-trial Proceedings [ECF No. 39]. Defendant's Motion for Leave to File Amended Answer and [Counterclaim] and Application for Temporary Restraining Order and Request for Order to Show Cause re Preliminary Injunctive Relief were filed nunc pro tunc to May 3, 2017 [ECF No. 37]. On August 30, 2017, Judge Houston granted the motions and enjoined SolarCity's "senior and upper level management" from "making disparaging remarks or causing others to make any disparaging remarks regarding the pending case, Defendant, or Defendant's business." (Order Granting Prelim. Inj. 2, ECF No. 56.)

Doria's Amended Answer and [Counterclaim] for Declaratory Judgment Demand for Damages was filed nunc pro tunc to October 16, 2017. (Am. Answer & Countercl. 1, ECF No. 67.) He alleged claims against SolarCity for (1) breach of contract, (2) employer retaliation in violation of the Fair Labor and Standards Act ("FLSA"), (3) violation of the Federal Trade Commission ("FTC") Act, (4) violation of the Work Adjustment and Retraining Notification ("WARN") Act, (5) civil conspiracy, and (6) violation of California Civil Code sections 45 and 46. (Id. at 24-37.)

On October 19, 2017, Plaintiff asked Defendant about his availability for a deposition. (Opp'n Attach. #1 Decl. Mack 2, ECF No. 145.) Doria responded that he was not available until January 1, 2018, in light of the commitments at his new job, and Plaintiff noticed the deposition for January 5, 2018.[1] (Id.; see also id. Attach. #2, 2.) On November 8, 2017, SolarCity filed a Motion to Dismiss Doria's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 78].

On November 9, 2017, Defendant Doria filed an Amended Motion for Summary Judgment [ECF No. 81]. District Judge Houston denied the motion without prejudice pursuant to Rule 56(d) of the Federal Rules of Civil Procedure on December 12, 2017. (Order Denying Def.'s Mot. Summ. J., ECF No. 92.)

On January 5, 2018, Defendant was deposed. (Opp'n Attach. #1 Decl. Mack 2, ECF No. 145.) The parties took at least nine breaks during the deposition, the facility where the deposition was conducted had to close at 5:30 p.m., and the deposition was suspended at the end of the day. (Id. at 2-3.) Between January 7 and January 9, 2018, the parties corresponded regarding scheduling Doria's continued deposition, but were unable to reach an agreement, in part because Doria refused to be deposed remotely, and

---

[1] The deposition was initially noticed for June 19, 2017, but was continued several times for various reasons, including SolarCity's filing of a motion to compel, and Doria's anticipated filing of a counterclaim. (Opp'n Attach. #1 Decl. Mack 2, ECF No. 145.)

SolarCity's counsel had a pre-planned trip out of the country. (Id. at 3; see also id. Attach. #2, 15-19, 22.)

On February 20, 2018, Judge Houston granted Plaintiff's Ex Parte Application to Stay Action Pending Motion to Enforce Settlement [ECF No. 123]. Judge Houston initially granted Plaintiff's motion to enforce the parties' purported settlement agreement, but after further briefing, denied the motion [ECF Nos. 126, 138]. The stay was lifted on May 2, 2018 [ECF No. 139].

SolarCity's motion to dismiss Doria's counterclaims was granted on May 16, 2018 [ECF No. 142]. Defendant's claims for breach of contract, employer retaliation in violation of the FLSA, violations of the FTC and WARN Acts, and civil conspiracy were dismissed with prejudice. (Order Granting Counter-Def.'s Mot. Dismiss 3-10, 12-13, ECF No. 142.) Doria's claim for libel and slander in violation of California Civil Code sections 45 and 46 was dismissed without prejudice. (Id. at 10-13.)

On May 23, 2018, Judge Houston issued an Order Amending Preliminary Injunction. (See Order Amending Prelim. Inj., ECF No. 144.) The August 30, 2017 injunction in favor of Defendant remained in effect. (Id. at 2.) In addition, Doria was enjoined "from making disparaging remarks or causing others to make any disparaging remarks regarding SolarCity, SolarCity's businesses, its agents, employees or assigns regarding the pending case and related business practices." (Id.) The injunction, as amended, applied to "any and all communications, including communications made in person, via the internet, or any other media[,]" and precluded Doria from sharing or disseminating "any personally identifying information of SolarCity customers, including but not limited to, customer names, street addresses, and telephone numbers." (Id.)

On June 8, 2018, Doria filed a Second Amended Answer and [Counterclaim] and Request for Reconsideration. (See Second Am. Answer & Countercl. 6-15, ECF No. 147.) He alleged a cause of action for defamation, and he attempted to reallege claims for breach of contract, retaliation in violation of the FLSA, and violation of the WARN Act. (See id. at 6-15.) On June 25, 2018, Plaintiff filed a Motion to Strike and Dismiss

5

Second Amended [Counterclaim] [ECF No. 152], which Judge Houston granted on August 28, 2018 [ECF No. 155].

## III. LEGAL STANDARDS

### A.   <u>Terminating Sanctions</u>

Rule 37 of the Federal Rules of Civil Procedure authorizes the Court to issue orders that may include the following sanctions against a party that fails to obey an order to provide or permit discovery: (i) "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims"; (ii) "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"; (iii) "striking pleadings in whole or in part"; (iv) "staying further proceedings until the order is obeyed"; (v) "dismissing the action or proceeding in whole or in part"; (vi) "rendering a default judgment against the disobedient party"; or (vii) "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A)(i-vii). Dispositive sanctions are "authorized only in 'extreme circumstances' and only where the violation is 'due to willfulness, bad faith, or fault of the party.'" <u>In re Exxon Valdez</u>, 102 F.3d 429, 432 (9th Cir. 1996) (quoting <u>United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.</u>, 857 F.2d 600, 603 (9th Cir. 1988)).

The Ninth Circuit has held that in addition to willfulness or bad faith, courts must consider five factors when determining whether dismissal is an appropriate sanction. <u>Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills</u>, 482 F.3d 1091, 1096 (9th Cir. 2007). Courts must evaluate "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>Id.</u> (quoting <u>Jorgensen v. Cassiday</u>, 320 F.3d 906, 912 (9th Cir. 2003)).

"[T]he first and second factors ordinarily will support the sanction while the fourth factor ordinarily will not. The third and fifth factors are generally determinative . . . ." Johnson v. Goldsmith, 542 F. App'x 607, 608 (9th Cir. 2013) (citing Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990)). "What is most critical for case-dispositive sanctions . . . is whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" Id. at 1097 (citation omitted). "Where a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate." Id. (citation omitted).

**B.    Pro Se Litigants**

"In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." Hupp v. San Diego Cty., Civil No. 12cv0492 GPC (RBB), 2014 WL 1404510, at *2 (S.D. Cal. Apr. 10, 2014) (citing Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996)). Accordingly, parties who choose to represent themselves are expected to follow the rules of the court in which they litigate. Bias v. Moynihan, 508 F.3d 1212, 1223 (9th Cir. 2007) (quoting Carter v. Comm'r, 784 F.2d 1006, 1008 (9th Cir. 1986) (providing that a pro se litigant is required to "abide by the rules of the court in which he litigates[]")). "[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir. 1991).

## IV.  DISCUSSION

Doria asks the Court to sanction SolarCity by dismissing this action under the Federal Rule of Civil Procedure 37(b)(2)(a). (Mot. Contempt Sanctions Attach. #1 Mem. P. & A. 16, ECF No. 113.) He argues dismissal is warranted in light of Plaintiff's "blatant abuse of the deposition process" and "willful delay and avoidance" of his cross-examination. (Id.) Defendant asserts that his January 5, 2018 deposition was scheduled

months after the date of his initially-noticed deposition, SolarCity improperly suspended the deposition, and failed to schedule a continued deposition during which Doria could cross-examine himself.  (See id. at 5, 7-9, 16.)  Defendant contends that Plaintiff intentionally delayed his deposition, and the delay prejudiced him because he was precluded from cross-examining himself and relying on the testimony in his opposition to Plaintiff's motion to dismiss, and his motion for summary judgment.[2]  (Id. at 8-11.)

Plaintiff asserts in its Opposition that a dismissal sanction is authorized only when a party fails to obey a discovery order, and in this case, there was no order compelling Defendant's deposition.  (Opp'n 5, ECF No. 145 (citing Fed. R. Civ. P. 37(b)(2)(A)).)  SolarCity claims it "commenced [Doria's January 5, 2018] deposition, agreed to continue the deposition, agreed to provide Doria an opportunity to cross-examine himself, and met and conferred with Doria about possible dates for the resumption and completion of his deposition."  (Id.)  Plaintiff also contends Defendant contributed to the delay in his deposition scheduling, and the scheduling did not prejudice Defendant.  (Id. at 6-8.)  SolarCity further argues that Doria would not be able introduce his deposition testimony in his opposition to SolarCity's motion to dismiss because evidence outside of the four corners of the pleadings may not be considered on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Id. at 7 (citing Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001)).)  Plaintiff further states that Defendant may file his anticipated motion for summary judgment after his deposition is completed.  (Id. at 7-8 (citing Fed. R. Civ. P. 30(a)(2), 56(d).)  For these reasons, SolarCity asks the Court to deny the motion for terminating sanctions.  (Id. at 5, 10-11.)

Defendant replies that Plaintiff violated the Court's December 21, 2017 discovery order because it did not produce documents compelled by the Court, which impeded his

---

[2]  Doria's November 9, 2017 Amended Motion for Summary Judgment was denied without prejudice on December 12, 2018.  (Order Den. Def.'s Mot. Summ. J., ECF No. 92.)  Judge Houston allowed "Defendant [to] bring a Motion for Summary Judgment again once all discovery disputes are resolved and discovery is closed."  (Id. at 3.)

cross-examination. (See Reply 8, ECF No. 150.) Doria argues that he repeatedly contacted SolarCity in an effort to schedule and complete the deposition. (Id. at 4-5, 8.) Defendant reasserts that Plaintiff intentionally delayed his deposition, and this precluded him from relying on his cross-examination testimony in Defendant's November 9, 2017 motion for summary judgment. (Id. at 8-9.) Doria also argues that SolarCity's claims should be dismissed "solely on the ground that [it has] delayed Justice for nearly a year." (Id. at 6-7.)

Generally, "[w]here a court order is violated, the first and second factors will favor sanctions . . . ." Comput. Task Grp., Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004). In this case, however, the Court has not compelled Doria's deposition and has not found that SolarCity violated the Court's discovery order.[3] Nevertheless, "sanctions, including dismissal, may issue for a complete or serious failure to respond to discovery . . . even absent a prior court order compelling the discovery." Hupp, 2014 WL 1921769, at *3 (citing Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir. 1981)).

Under the first Conn. Gen. Life Ins. Co. factor, the Court must consider the public's interest in the expeditious resolution of the case. See Conn. Gen. Life Ins. Co., 482 F.3d at 1096. This case has been pending since December 23, 2016. (See Compl., ECF No. 1.) Nevertheless, in light of this action's procedural history, which included a stay to determine the validity of the parties' purported settlement agreement, the factor is neutral.

Although discovery in this case has been highly contentious and plagued with numerous discovery disputes, which required the Court to expend considerable time and resources, the parties' prior discovery motions were substantially justified. (See ECF

---

[3] On June 13, 2018, the Court allowed Doria to refile an Amended Motion to Enforce the Court's prior discovery order by June 27, 2018, but instructed Doria to limit the motion to "the current state of the parties' pleadings[.]" (See Mins. 1, June 13, 2018, ECF No. 148.) Doria has not filed the motion.

Nos. 54, 97, 104.) Further, to date, the Court has not found that Plaintiff violated discovery orders. Accordingly, the second factor, the Court's need to manage its docket, weighs against dismissal. See Conn. Gen. Life Ins. Co., 482 F.3d at 1096 (requiring a court to evaluate the extent to which its ability to manage its docket is impacted by a party's alleged noncompliance).

The third factor, the risk of prejudice to the party seeking sanctions, looks to whether a party's "actions impaired [the other party's] ability to go to trial or threatened to interfere with the rightful decision of the case." Adriana Int'l Corp., 913 F.2d at 1412 (citation omitted). Delay, without more, is not sufficient to justify the imposition of dismissal sanctions. See Mir v. Fosburg, 706 F.2d 916, 919 n.2 (9th Cir. 1983). Doria's January 5, 2018 deposition was scheduled months after the opening of fact discovery, but the deposition scheduling was affected by the parties' discovery disputes, Doria's anticipated filing of counterclaims, and Doria's commitments at his new job. (Opp'n Attach. #1 Decl. Mack 2, ECF No. 145; see id. Attach. #2, 2.) Defendant's deposition lasted all day and was suspended at 5:00 p.m. in light of business hours enforced by the facility where the deposition was conducted. (Id. Attach. #1 Decl. Mack 2-3; see id. Attach. #3, 15-18.) Defense counsel agreed to schedule Doria's continued deposition and cross-examination, but the parties were unable to finalize their plans before the case was stayed. (See id.) Plaintiff's and Defendant's subsequent settlement discussions, Plaintiff's motion to enforce the parties' alleged settlement agreement, and the resulting stay of the action during February–May 2018, further delayed the scheduling of Defendant's continued deposition.

Doria contends that SolarCity's delay in scheduling his deposition was prejudicial because he intended to cross-examine himself during SolarCity's taking of his deposition, and Doria was precluded from relying on this testimony in his opposition to SolarCity's motion to dismiss and his motion for summary judgment. (Reply 8-9, ECF No. 150.) These arguments lack merit. Courts may not consider materials outside of the pleadings when resolving a motion to dismiss for failure to state a claim. See Schneider v. Cal.

Dep't of Corrs., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("The 'new' allegations contained in the [party's] opposition motion, however, are irrelevant for Rule 12(b)(6) purposes.  In determining the propriety of a Rule 12(b)(6) dismissal, a court <u>may not</u> look beyond the complaint to . . . moving papers, such as a memorandum in opposition to a . . . motion to dismiss."); <u>Jacobellis v. State Farm Fire & Cas. Co.</u>, 120 F.3d 171, 172 (9th Cir. 1997) ("Review is limited to the contents of the complaint.").  "The focus of any Rule 12(b)(6) dismissal . . . is the complaint."  <u>Schneider</u>, 151 F.3d at 1197 n.1.  Accordingly, Doria's deposition testimony would not be considered in deciding SolarCity's motion to dismiss Doria's counterclaims.  Further, Defendant's motion for summary judgment was denied without prejudice, and he was permitted to refile the motion.  (Order Denying Def.'s Mot. Summ. J. 3, ECF No. 92.)  The deadline to file pre-trial motions is January 14, 2019, and Doria has sufficient time to complete his cross-examination deposition testimony and obtain any outstanding discovery authorized by the Court before the deadline for filing his anticipated motion for summary judgment.  (<u>See</u> Am. Scheduling Order 2, ECF No. 151.)  As a result, this factor weighs against dismissal.  <u>See</u> <u>Johnson</u>, 542 F. App'x at 608 (noting that this factor is one of the two determinative factors in deciding whether a dismissal sanction is warranted); <u>Adriana Int'l Corp.</u>, 913 F.2d at 1412 (same)).

Under the fourth factor, the Court must consider the public policy favoring the disposition of cases on the merits.  <u>Conn. Gen. Life Ins. Co.</u>, 482 F.3d at 1096.  This factor always weighs against dismissal.  <u>See</u> <u>Dreith v. Nu Image, Inc.</u>, 648 F.3d 779, 788 (9th Cir. 2011) (citation omitted); <u>Pagtalunan</u>, 291 F.3d at 643.

Finally, the Court must examine the availability of less drastic sanctions.  <u>Conn. Gen. Life Ins. Co.</u>, 482 F.3d at 1096.  "[F]actor 5 involves consideration of three subparts:  whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal."  <u>Valley Eng'rs Inc. v. Elec. Eng'g Co.</u>, 158 F.3d 1051, 1057 (9th Cir. 1998) (citation omitted).  In this case, the Court has not sanctioned SolarCity, and has neither discussed

nor warned it about the imposition of terminating sanctions. Dismissal of an action in its entirety represents the most severe penalty that can be imposed. See United States ex rel Wiltec Guam, Inc., 857 F.2d at 603 n.5. Because less drastic sanctions are available, the fifth factor also weighs against dismissal. See Conn. Gen. Life Ins. Co., 482 F.3d at 1096.

Four factors considered by courts in deciding whether a dismissal sanction is appropriate, including the third and fifth "determinative" factors, weigh against dismissing the case; and one factor is neutral. See id.; see also Johnson, 542 F. App'x at 608; Adriana Int'l Corp., 913 F.2d at 1412. The Court therefore **RECOMMENDS** that the District Judge **DENY** Defendant's motion for terminating sanctions.

## V. PLAINTIFF'S[4] AND DEFENDANT'S REMAINING MOTIONS AND REQUESTS [ECF NOS. 113, 145]

Defendant Doria asks the Court to compel his continued deposition so that he may cross-examine himself. (Mot. Contempt Sanctions Attach. #1 Mem. P. & A. 6-8, 11-12, ECF No. 113.) In his Reply, Defendant also asks the Court to strike his deposition testimony. (Reply 12, ECF No. 150.) Doria further requests an award of fees and costs associated with

---

[4] Plaintiff SolarCity did not file any motions seeking relief against Defendant Doria. Instead, its requests to stay discovery-related motions, find Doria in contempt, strike information from Defendant's filings, and request for sanctions are all contained in its Opposition to Doria's Motion for Contempt Sanctions [ECF No. 145]. This Court and others have concluded that a request for affirmative relief is not properly presented when raised for the first time in an opposition brief. See Finjan, Inc. v. Blue Coat Sys., Case No. 13-cv-03999-BLF, 2015 U.S. Dist. LEXIS 74566 n.8, at *45 (N.D. Cal. June 2, 2015) (asking to strike infringement theories not properly disclosed in infringement contentions); Pac. Coast Steel v. Stoddard, Civil No. 11cv2073 H(RBB), 2013 U.S. Dist. LEXIS 199213, at *41 (S.D. Cal. Feb. 15, 2013) (stating that the court "will not grant affirmative relief, precluding an expert witness from testifying at trial, based on a request included in an opposition to a motion[]"); Thomasson v. GC Servs. L.P., Case No. 05cv0940-LAB(CAB), 2007 U.S. Dist. LEXIS 54693, at *21 (S.D. Cal. July 16, 2007) ("[T]he court rejects any discovery-related or other requests for affirmative relief Plaintiffs attempt to piggy-back on their Opposition as inappropriate, untimely, and obfuscating.") SolarCity's failure to file a properly noticed motion seeking the relief requested is a sufficient basis for denying the relief requested. Nevertheless, the Court has considered the merits of Plaintiff's argument and the results are the same.

his defense.  (Mot. Contempt Sanctions Attach. #1 Mem. P. & A. 16, ECF No. 113 (citing Fed. R. Civ. P. 37(b)(2)(a).)  Additionally, he seeks an order holding Plaintiff in contempt for its alleged abuse of the deposition process, "stalemating" the filing of his motion for summary judgment, and impeding the pace of the action.  (Id. at 16-17.)  Finally, Doria requests the appointment of counsel to represent him.  (Id. at 17.)  The Court construes Defendant's pleadings as seeking the following relief, in addition to terminating sanctions discussed above: (1) strike his deposition testimony; (2) grant leave to cross-examine himself during his continued deposition; (3) impose monetary sanctions on SolarCity; (4) hold SolarCity in contempt[5]; and (5) appoint counsel.  (See id. at 6-8, 11-12, 16-17; Reply 12, ECF No. 150.)

        Plaintiff asks the Court to stay "[a]ll discovery-related motions."  (Opp'n 4, ECF No. 145.)  SolarCity argues that Doria's motion is premature because it agreed to Doria's continued deposition so that he may cross-examine himself, did not delay his deposition, and did not engage in discovery abuse during the deposition.  (Id. at 2, 4-5.)  SolarCity alleges that Doria has not suffered any prejudice because his cross-examination testimony would have no bearing on Plaintiff's motion to dismiss, and Doria may refile his motion for summary judgment after his deposition and cross-examination are complete.  (Id. at 2, 6-8.)  Plaintiff also contends that some of Defendant's arguments in his Motion for Contempt are better suited for a summary judgment motion and should be stricken because they quote materials designated as 'HIGHLY CONFIDENTIAL."  (Id. at 2, 6-9.)  SolarCity states that it did not violate Judge Huston's injunctive relief order, and asks the Court to sanction Doria for violating the parties' Protective Order and filing a "meritless" motion.  (Id. at 2, 9-10.)

/ / /

/ / /

_____

[5]  In his Motion for Contempt, Doria alleges that SolarCity violated the terms of Judge Houston's August 30, 2017 injunctive relief order.  (Mot. Contempt Sanctions Attach. #1 Mem. P. & A. 14-16, ECF No. 113; Reply 3, 8, ECF No. 150.)  That motion will be addressed by Judge Houston in a separate order to follow.

**A.    Plaintiff's Request to Stay Discovery-Related Motions**

Plaintiff seeks to stay "all discovery-related motions . . . until such time that Doria has filed his further amended [counterclaim] and Plaintiff's motion for reconsideration and/or summary judgment has been heard." (Id. at 4.)  Doria does not address this request, but argues that SolarCity has delayed the discovery process and jeopardized his ability to defend the case and pursue his counterclaims.  (See Mot. Contempt Sanctions Attach. #1 Mem. P. & A. 7-12, ECF No. 113.)

"[A] party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied."  Clark v. New Century Mortg. Co., 2:17–cv–01065–JAD–VCF, 2017 WL 4453336, at *1 (D. Nev. Oct. 4, 2017) (quoting Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife, 288 F.R.D. 500, 503 (D. Nev. 2013)).  This case has been pending since December 2016, and fact discovery closed on January 8, 2018.  (Scheduling Order 1, ECF No. 39.)  Although this action was stayed on February 20, 2018, the stay was lifted on May 2, 2018 [ECF Nos. 123, 139].  On June 13, 2018, the Court issued an Amended Case Management Order, in which it noted that "[t]he fact discovery deadline is not extended except as specified in any subsequent order issued by the Court in connection with a ruling on authorized motions." (Am. Scheduling Order 2, ECF No. 151.)  Defendant filed his Second Amended Answer and [Counterclaim] on June 6, 2018, and on June 25, 2018, Plaintiff filed a Motion to Strike and Dismiss Second Amended [Counterclaim] [ECF Nos. 147, 152].

In light of the procedural posture of the case, any further discovery stay will adversely affect the remaining scheduling deadlines.  SolarCity has not carried its heavy burden of making a strong showing that a stay is warranted.  See Ministerio Roca Solida, 288 F.R.D. at 503; Clark, 2017 WL 4453336, at *1.  The Court therefore **DENIES** SolarCity's request for a stay.

**B.    Defendant's Motion to Strike Testimony**

In his Reply, Defendant asks the Court to strike his "partial testimony that was taken in January 2018 . . . from the record because it was gathered in a way that does not

make for a fair trial." (Reply 12, ECF No. 150.) Presumably, Doria is referring to his January 5, 2018 deposition testimony. Courts generally do not consider arguments that are raised for the first time in a reply brief. See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); United States v. Romm, 455 F.3d 990, 997 (9th Cir. 2006) ("[A]rguments not raised by a party in its opening brief are deemed waived."). Defendant did not argue in the Motion for Contempt that his deposition testimony should be stricken, and the Court deems the argument waived. (See Mot. Contempt Sanctions Attach. #1 Mem. P. & A., ECF No. 113.) Further, even if the Court were to consider the merits of Doria's motion to strike, he has neither cited supporting legal authority, nor clearly articulated the reasons for his request. (See id.) Accordingly, Defendant's motion to strike his January 5, 2018 deposition testimony is **DENIED**.

## C. Defendant's Motion for Leave to Cross-Examine Himself

Defendant contends that he is entitled to cross-examine himself pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, and Plaintiff precluded his cross-examination during the January 5, 2018 deposition; "refused to clarify numerous questions and word definitions;" and forced responses to "unclear" questions. (Id. at 6-8.) Doria claims SolarCity's tactics jeopardized his ability to defend this action and pursue his counterclaims. (See id. at 11.)

Plaintiff responds that it agreed to allow Defendant to cross-examine himself. (Opp'n 2, ECF No. 145; see also id. at 4.) SolarCity's counsel states in his declaration that he "had previously agreed that Mr. Doria would have the opportunity to cross-examine himself prior to the competition of [his] deposition." (Id. Attach. #1, Decl. Mack 3.)

On June 5, 2018, the parties lodged their Joint Discovery Plan stating that "Doria's deposition will be concluded on a mutually selected date after the parties have met and conferred, with intention of completion by July 31st, 2018." (First Am. J. Disc. Plan 2 (June 5, 2018) (on file with chambers).) In light of the parties' representations in the Joint Discovery Plan and Plaintiff's counsel's statements in his declaration, the Court finds that the Defendant's

motion for leave to cross-examine himself is moot and **DENIES** the motion.  If it has not already taken place, Doria's continued deposition must occur on or before **September 28, 2018**. Plaintiff and Defendant are to meet and confer to determine a mutually agreeable date and manner for the completion of Doria's deposition.  If the parties are unable to agree on the date and manner of taking Doria's continued deposition testimony, the Court may address this at a separate discovery conference limited to the issue.

**D.      Plaintiff's Request to Find Defendant in Contempt**

SolarCity seeks an order holding Doria in contempt for violating the terms of the parties' Protective Order.  (See Opp'n 9-10, ECF No. 145 (citing Fed. R. Civ. P. 37(b).)  Plaintiff alleges that Defendant quotes in his Motion for Contempt documents marked as "HIGHLY CONFIDENTIAL" to argue that his misconduct does not amount to a violation of the Defend Trade Secrets Act.  (Id. at 8.)  SolarCity states that the arguments have no bearing on this motion, and Doria is free to make those arguments in his anticipated motion for summary judgment.  (Id.)  Plaintiff also asks the Court to strike the above language from the record.  (Id. at 9.)

Defendant replies that he has not violated the Protective Order because he redacted confidential information and filed it under seal after the Court granted his motion to seal. (Reply 9, ECF No. 150.)  Doria also states that although his Motion for Contempt was filed several months ago, SolarCity did not raise objections regarding the alleged violation of the Protective Order until May 31, 2018, when it filed its Opposition to the motion.  (See id.)  He claims the documents Plaintiff marked as confidential are "intimately connected to matters of public concern" because they reflect that Plaintiff "has in many ways, made [its] customer and potential customer information, available to the public."  (Id. at 10.)  Doria therefore asks the Court to deny SolarCity's requests to find him in contempt or to strike.  (Id.)

Rule 37(b) of the Federal Rules of Civil Procedure authorizes district courts to impose a wide range of sanctions, including contempt, on a party that fails to comply with a protective order.  See Fed. R. Civ. P. 37(b)(2)(A)(vii); see also Westinghouse Elec.

Corp. v. Newman & Holtzinger, P.C., 992 F.2d 932, 934-35 (9th Cir. 1993) (citing support for the proposition that Rule 37(b)(2) should provide for enforcement of joint protective orders); United States v. Nat'l Med. Enters., Inc., 792 F.2d 906, 910-11 (9th Cir. 1986) (upholding a Rule 37(b) sanction for a party's violation of the protective order). Civil contempt sanctions are among those imposed against individuals who violate protective orders. See 6 James Wm. Moore et al., Moore's Federal Practice § 26.108[2], at 26-569 (3d ed. 2018). "The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and convincing evidence,' not merely a preponderance of the evidence." In re Dual–Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993); Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc., 689 F.2d 885, 889 (9th Cir. 1982). Therefore, a court may impose a civil contempt sanction only if there is clear and convincing evidence that "(1) the contemnor violated a court order, (2) the noncompliance was more than technical or de minimis (substantial compliance is not punishable as contempt), and (3) the contemnor's conduct was not the product of a good faith or reasonable interpretation of the violated order." 7 James Wm. Moore et al., Moore's Federal Practice § 37.51[7][b], at 37-110 (footnotes omitted); see also United States v. Bright, 596 F.3d 683, 694 (9th Cir. 2010) (same). "Any doubts as to whether these requirements have been met in a particular case must be resolved in favor of the party accused of the civil contempt." 7 James Wm. Moore et al., Moore's Federal Practice § 37.51[7][b], at 37-110 (footnote omitted).

## 1. Violation of a court order

Plaintiff must show by clear and convincing evidence that Defendant violated a court order. See In re Dual–Deck Video Cassette Recorder Antitrust Litig., 10 F.3d at 695; see also O'M & Assocs., LLC v. Ozanne, Civil No. 10cv2130 AJB(RBB), 2011 WL 2160938, at *5 (S.D. Cal. June 1, 2011). SolarCity alleges that Doria violated the provision of the Protective Order that requires filing documents under seal. (See Opp'n 8, ECF No. 145 (citing Protective Order 6, ECF No. 98).) Plaintiff asserts in its

Opposition that pages twelve through fifteen of Doria's Motion for Contempt should have been filed under seal because they quote or discuss documents designated as "HIGHLY CONFIDENTIAL." (See id. ("Doria blatantly violates the terms of the Protective Order by including direct quotations of documents marked 'HIGHLY CONFIDENTIAL'. (Motion at 12-15 and Dkt. 98 at ¶ 16).").) Plaintiff's opposition to Defendant's motion is not verified, SolarCity's request is overbroad, and Plaintiff's counsel's declaration does not cure these deficiencies. Because SolarCity neglected to provide the Court with an evidentiary basis for finding that Doria violated the Protective Order, this factor is not satisfied. See In re Dual–Deck Video Cassette Recorder Antitrust Litig., 10 F.3d at 695 (requiring clear and convincing evidence of the violation of a court order).

### 2. Substantial compliance

"'Substantial compliance' with the court order is a defense to civil contempt, and is not vitiated by 'a few technical violations' where every reasonable effort has been made to comply." Id. (citing Vertex Distrib., Inc., 689 F.2d at 891). On February 2, 2018, Doria filed a Motion to File Documents Under Seal, asking the Court to seal portions of his Memorandum of Points and Authorities filed in support of the Motion for Contempt. (Mot. File Docs. Under Seal 2, ECF No. 111.) Defendant stated that the redacted version of the motion did not contain confidential information. (See id.) Judge Houston granted the motion on February 2, 2018, and Doria's unredacted Motion for Contempt was filed under seal [ECF Nos. 112, 114]. The redacted version of the motion was filed on the docket on February 5, 2018 [ECF No. 113].

Although Defendant redacted certain information in the exhibits to his Motion for Contempt, Plaintiff contends that Defendant's redactions were incomplete. (See Opp'n 10, ECF No. 145.) Doria's submissions demonstrate that he, a pro se litigant, attempted to redact and file confidential information under seal, and SolarCity has not produced clear and convincing evidence of more than a technical violation. See In re Dual–Deck Video Cassette Recorder Antitrust Litig., 10 F.3d at 695.

### 3. Based on a good faith and reasonable interpretation

Plaintiff must demonstrate by clear and convincing evidence that Defendant's disclosure was not based on a good faith interpretation of the Protective Order. See id.; Vertex Distrib., Inc., 689 F.2d at 889. Doria argues that he properly redacted confidential information and filed the unreacted version of the motion under seal. (Reply 9, ECF No. 150.) Plaintiff contends that Defendant's disclosure of confidential information was "blatant." (Opp'n 10, ECF No. 145.)

Doria's pleadings demonstrate that he was aware that the Protective Order requires that the party seeking to file confidential documents and information with the Court, request that they be filed under seal, and he took steps to comply with the requirement by redacting confidential information and seeking the Court's leave to file it under seal. (See Reply 9, ECF No. 150; Mot. File Docs. Under Seal, ECF No. 111). Doubts must be resolved in Doria's favor. See 7 James Wm. Moore et al., Moore's Federal Practice § 37.51[7][b], at 37-110 (footnote omitted) ("Any doubts as to whether these requirements have been met in a particular case must be resolved in favor of the party accused of the civil contempt."). Plaintiff failed to establish by clear and convincing evidence that Defendant Doria's disclosure was not based on a good faith interpretation of the Protective Order. See In re Dual–Deck Video Cassette Recorder Antitrust Litig., 10 F.3d at 695; Vertex Distrib., Inc., 689 F.2d at 889.

### 4. Conclusion

Although SolarCity argues that Doria should have filed additional information under seal, Doria did make an effort to comply with the sealing requirement in the Protective Order. Plaintiff has not established by clear and convincing evidence that at the time of the disclosure, Defendant's conduct was not based on a good faith and reasonable interpretation of the Protective Order, or that his alleged noncompliance was more than a technical or de minimis. See 7 James Wm. Moore et al., Moore's Federal Practice § 37.51[7][b], at 37-110; Bright, 596 F.3d at 694. Plaintiff's request to find Defendant in contempt is therefore **DENIED**.

SolarCity does not explain why all information on pages twelve to fifteen of Doria's motion should be stricken. Accordingly, the Court **GRANTS IN PART** SolarCity's request to strike. See Steel v. Stoddard, Civil No. 11cv2073 H(RBB), 2013 WL 12064545, at *13 (S.D. Cal. Feb. 15, 2013) (citation omitted) ("[A] basis for striking improper filings is the district court's 'inherent power over the administration of its business. It has inherent authority to . . . promulgate and enforce rules for the management of litigation[.]"). The Clerk of Court is directed to **STRIKE** page twelve (lines 14 through 26), page thirteen, page fourteen (lines 20 through 27), and page fifteen (line 1 through 17 and lines 23-24), of Defendant's Motion for Contempt [ECF No. 113] from the docket.

Doria is cautioned that if he includes the stricken language in his motion for summary judgment or any subsequent pleading, he is required to follow the procedures for filing documents under seal outlined in the Protective Order, including the following procedure:

> The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

(See Protective Order 6-7, ECF No. 98.) Both parties should be mindful that their subsequent requests to file under seal, if any, must be narrowly tailored to seek sealing only of the confidential or privileged information.

**E.    Defendant's Motion to Appoint Counsel**

Defendant next asks the Court to appoint counsel, arguing that this case is complex. (See Mot. Contempt Sanctions Attach. #1 Mem. P. & A. 17, ECF No. 113.) Doria states that he consulted with a law firm "when initially seeking counsel for this case" and was advised about the firm's legal fees but did not retain legal representation. (Id.)

SolarCity does not address the request but generally argues that the motion is meritless. (See Opp'n, ECF No. 145.)

The Constitution does not provide a right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981); see also United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996) (citations omitted) ("[I]t is well-established that there is generally no constitutional right to counsel in civil cases."). Nevertheless, district courts have discretion, pursuant to in forma pauperis statute, 28 U.S.C. § 1915(e)(1), to request attorney representation for indigent civil litigants upon a showing of exceptional circumstances. See Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004)). "A finding of the exceptional circumstances of the [party] seeking assistance requires at least an evaluation of the likelihood of the [party's] success on the merits and an evaluation of the [party's] ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting Wilborn, 789 F.2d at 1331). When examining a party's ability to proceed pro se, courts require, as a threshold matter, the party requesting the appointment of counsel to show that the party (1) is indigent, and (2) "has made a reasonably diligent effort to secure counsel." Woodson v. Ortiz, Case No.: 15cv1285 WQH (RBB), 2016 WL 3526129, at *12 (S.D. Cal. Apr. 8, 2016) (quoting Bailey v. Lawford, 835 F. Supp. 550, 552 (S.D. Cal. 1993)).

Defendant has not provided any information establishing that he is indigent. Further, although Doria states that he consulted with a law firm, he has not otherwise described his efforts to secure legal representation. (See Mot. Contempt Sanctions Attach. #1 Mem. P. & A. 17, ECF No. 113.) Defendant has therefore failed to meet the threshold requirement for obtaining appointed counsel. See Diamond State Ins. Co. v. Hard Times, Inc., CV 14–62–BU–DWM–JCL, 2014 WL 12591678, at *1 (D. Mont.

21

Oct. 21, 2014) (denying defendants' motion to appoint counsel, where defendants did not file a financial affidavit establishing their inability to afford counsel); United States v. Melluzo, No. CV–09–8197–PCT–MHM, 2010 WL 1779644, at *1-3 (D. Ariz. May 3, 2010) (denying defendants' motion to appoint counsel, where financial information submitted by two defendants did not support the motion, and the other defendants did not provide pertinent financial information).

"A finding of the exceptional circumstances of the [party] seeking assistance requires at least an evaluation of the likelihood of the [party's] success on the merits . . . ." See Agyeman, 390 F.3d at 1103. All of Defendant's counterclaims were dismissed on May 16, 2018; five claims were dismissed with prejudice, and claim six, alleging libel and slander, was dismissed with leave to amend. (Order Granting Counter-Def.'s Mot. Dismiss 3-13, ECF No. 142.) Doria's Second Amended Answer and [Counterclaim], filed nunc pro tunc to June 6, 2018, alleged a cause of action for defamation. (Second Am. Answer & Countercl. 6-9, ECF No. 147.) Judge Houston, on August 28, 2018, granted SolarCity's motion to strike and dismiss Doria's Second Amended Counterclaim [ECF No. 155]. At this point of the proceedings, the Court cannot adequately access whether Defendant Doria is likely to prevail on the merits of claims brought against him or successfully oppose Plaintiff's anticipated motion for summary judgment. See Harris v. Duc, No. S CIV 06–2138 DOC, 2009 WL 2175634, at *4-5 (E.D. Cal. July 21, 2009) (denying motion to appoint counsel due to insufficient information to assess likelihood of success on the merits). Furthermore, this case is not complex. SolarCity asserts causes of action for violations of the Defend Trade Secrets Act, the California Uniform Trade Secrets Act, and breach of contract. (See Compl. 12-16, ECF No. 1.) Absent any further order from Judge Houston, Doria has no pending counterclaims that would entitle him to affirmative relief. (See Second Am. Answer & Countercl. 6-9, ECF No. 147.) Accordingly, this factor weighs against Doria's request.

Additionally, in his numerous submissions to date, Doria has demonstrated that he is able to articulate his arguments and defenses, and to adequately represent himself. See

<u>Agyeman</u>, 390 F.3d at 1103 (explaining that a finding of exceptional circumstances justifying appointment of counsel requires an evaluation of the litigant's ability to articulate his claims); <u>see also</u> <u>Harris</u>, 2009 WL 2175634, at *4-5 (finding no exceptional circumstances, in part, because the litigant was able to submit adequate documentation and motion work). Defendant has therefore failed to demonstrate exceptional circumstances. As a result, the Court **DENIES** his request to appoint counsel. <u>See</u> <u>id.</u>; <u>see also</u> <u>Universal Life Church Monastery Storehouse, Inc. v. Cauley</u>, CASE NO. C13-0592-JCC, 2013 WL 12177067, at *1-2 (W.D. Wash. July 10, 2013) (denying defendants' motion to appoint counsel because the case was not complex and defendants' submissions demonstrated their ability to articulate defenses and arguments).

**F.**    **Defendant's Request for Sanctions**

Doria asks the Court to sanction SolarCity in the amount of $200,000 pursuant to Federal Rule of Civil Procedure 30(d)(2) for its bad faith conduct, strategically delaying his deposition and cross-examination, "stalemating" his filing of the motion for summary judgment, and failing to produce discovery compelled by the Court. (<u>See</u> Mot. Contempt Sanctions Attach. #1 Mem. P. & A. 5, 16, ECF No. 113; Reply 12, ECF No. 150.) Defendant asserts that he is entitled to fees and costs associated with his defense, and estimates his legal fees to range between $100,000 and $500,000, if he retained legal counsel. (<u>See</u> Mot. Contempt Sanctions Attach. #1 Mem. P. & A. 16-17, ECF No. 113.) SolarCity responds that Doria is not represented by counsel, has not incurred any attorney's fees, and has not established that sanctions are warranted. (<u>See</u> Opp'n 2, ECF No. 145.) For these reasons, Plaintiff asks the Court to deny Defendant's motion for sanctions. (<u>See</u> <u>id.</u>)

Federal Rule of Civil Procedure 30(d)(2) provides that "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Nevertheless, "[i]t is not appropriate for the court to award attorney's fees to a party acting pro se" because "[t]he pro se litigant does not actually incur any attorney's

fees that it must pay to another attorney[.]'" See 2 James Wm. Moore, et al., Moore's
Federal Practice § 11.24[3], at 11-70.7 (3d ed. 2018).

Doria is proceeding pro se and is not entitled to recover attorney's fees. See id.
Further, for the reasons discussed in Section IV, the Court finds that Plaintiff's conduct
associated with scheduling Defendant's deposition is not sanctionable. The Court
therefore **DENIES** Defendant's request for monetary sanctions.

## G.   **Plaintiff's Request for Sanctions**

In its Opposition, Plaintiff asks the Court to sanction Defendant for $5,000, the
attorney's fees it incurred in opposing the Motion for Contempt, arguing that the motion
is frivolous, meritless, and relies on contradicted facts. (See Opp'n 9-10, ECF No. 145;
see also id. Attach. #1 Decl. Mack 2.) SolarCity acknowledges that Rule 11 sanctions
may only be awarded on a noticed motion, but contends that the Court should sanction
Doria for wasting judicial and SolarCity's resources under its inherent power. (Opp'n 10,
ECF No. 145 (citing Fed. R. Civ. P. 11).)   Defendant responds that Plaintiff has not
established that his motion is frivolous because Plaintiff impeded his cross-examination and has
not produced discovery compelled by the Court, and asks the Court to deny Plaintiff's request.
(Reply 10, ECF No. 150.)

District courts may impose sanctions pursuant to Rule 11 of the Federal Rules of
Civil Procedure on "any party that files a motion for an improper purpose or who does so
without a legal or factual basis." Havensight Capital LLC v. Nike, Inc., 891 F.3d 1167,
1174 (9th Cir. 2018) (citation omitted); see also Townsend v. Holman Consulting Corp.,
929 F.2d 1358, 1362 (9th Cir. 1990) (providing that under Rule 11(b)(1), a court may
impose sanctions for filing a pleading for any improper purpose, such as to harass, cause
unnecessary delay, or needlessly increase the cost of litigation, or if a party's pleading is
frivolous.).   "The district court has 'broad fact-finding powers' with respect to sanctions,
and its findings warrant 'great deference . . . .'" Primus Auto. Fin. Servs., Inc. v. Batarse,
115 F.3d 644, 649 (9th Cir. 1997) (quoting Townsend, 929 F.2d at 1366).

Further, federal courts have inherent power to impose sanctions against attorneys and parties for "bad faith" conduct in litigation or for "willful disobedience" of a court order.  See Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-66 (1980).  The Court may assess attorney's fees or other sanctions under its inherent power for the "wilful disobedience of a court order." Chambers, 501 U.S. at 45 (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258 (1975)).  A fee award under the Court's inherent power is meant to vindicate judicial authority, rather than to provide a substantive remedy to an aggrieved party:  "The wrong done was to the court."  Mark Indus., Ltd. v. Sea Captain's Choice, Inc., 50 F.3d 730, 733 (9th Cir. 1995).

The Court is disappointed by both parties' conduct throughout the discovery process, as evidenced by their numerous discovery motions.  Nevertheless, in light of the procedural history of this case and the parties' inability to schedule Doria's continued deposition, the Court finds that his motion was not frivolous.  As a result, the Court **DENIES** Plaintiff's request for sanctions.

## VI.  CONCLUSION

For the reasons set forth above, Defendant Doria's motion to impose terminating sanctions should be **DENIED**.  This Report and Recommendation will be submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Any party may file written objections with the Court and serve a copy on all parties on or before **September 19, 2018**.  The document should be captioned "Objections to Report and Recommendation."  Any reply to the objections shall be served and filed on or before **October 3, 2018**.

The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

/ / /

/ / /

16cv3085-JAH (RBB)

The Court further enters the following **ORDERS**:

    (1)  SolarCity's request to stay discovery-related motions is **DENIED**;

    (2)  Doria's motion to strike his deposition testimony is **DENIED**;

    (3)  Defendant's motion for leave to cross-examine himself is **DENIED** as moot. Doria's continued deposition must be completed no later than **September 28, 2018**;

    (4)  Plaintiff's request to find Defendant in contempt is **DENIED**, and its objections to Doria's use and disclosure of highly confidential information and its request to strike are **GRANTED IN PART**. The Clerk of Court is directed to **STRIKE** page twelve (lines 14 through 26), page thirteen, page fourteen (lines 20 through 27), and page fifteen (lines 1 through 17 and lines 23-24) of Defendant's Motion for Contempt [ECF No. 113] from the docket;

    (5)  Doria's motion for the appointment of counsel is **DENIED**; and

    (6)  Plaintiff's and Defendant's respective requests for sanctions are **DENIED**.

**IT IS SO ORDERED.**

Dated:  September 4, 2018

_Ruben Brooks_

Hon. Ruben B. Brooks
United States Magistrate Judge