1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11 | SOLARCITY CORPORATION,

Case No.:  16cv3085-JAH (RBB)

12 |                       Plaintiff,

13 | v.

**ORDER DENYING DEFENDANT'S
MOTION (Doc. No. 159)**

14 | DANIEL DORIA,

15 |                       Defendant.

16

17 |                   **INTRODUCTION**

18 |       Pending before the Court is Defendant Daniel Doria's ("Doria") motion for mistrial

19 | ("Motion").  <u>See</u> Doc. No. 159.  Plaintiff SolarCity Corporation ("SolarCity") filed a

20 | response in opposition.  <u>See</u> Doc. No. 162.  After careful review of the pleadings filed by

21 | both parties, Defendant's Motion (Doc. No. 159) is **DENIED**.

22 |                 **BACKGROUND[1]**

23 |       On May 23, 2018, the Court amended a previous order that granted Doria's motion

24 | for a preliminary injunction.  <u>See</u> Doc. No. 144.  In that amended order, the Court ruled

25

26

27 | [1] Because this case's factual and procedural backgrounds have already been discussed on multiple
occasions (<u>See</u> Doc. Nos. 92, 155, 156), the Court will only address pleadings that are directly relevant

28 | for the purposes of adjudicating this motion.

1

1    that in addition to the original injunction in favor of Doria remaining in full force and effect,

2    Doria would be enjoined and restrained from making disparaging remarks about SolarCity

3    and others.  Id.  The Court further ordered that Doria would not share or otherwise

4    disseminate any personally identifying information of SolarCity customers, including but

5    not limited to, customer names, street addresses, and telephone numbers.  Id.

6         On June 27, 2018, SolarCity filed a motion to dismiss Doria's second amended

7    counterclaim.  See Doc. No. 152.  After not receiving a response from Doria for two

8    months, this Court granted SolarCity's motion to dismiss Doria's second amended counter-

9    claim.  See Doc. No. 155.

10        Doria filed the pending Motion on September 25, 2018.  See Doc. No. 159.

11                                    **DISCUSSION**

12        In his Motion, Doria requests a new trial pursuant to Rule 59 of the Federal Rules of

13   Civil Procedure.  Doc. No. 159 at pg. 50.  Doria also seeks other forms of relief pursuant

14   to Rule 60 of the Federal Rules of Civil Procedure in the event that the Court does not grant

15   his request for a 'new trial.'  Id. at pgs. 50-61.  Specifically, Doria argues that he is entitled

16   to relief from the Court's order (Doc. No. 155) dismissing his amended counterclaim.  Id.

17   Doria also challenges the Court's order amending the preliminary injunction (Doc. No.

18   144).  Further, Doria requests, in the event that the Court does not grant Doria a trial

19   pursuant to Rule 59 of the Federal Rules of Civil Procedure or affords Doria other forms

20   of relief, a stay in proceedings so he can file an appeal.  Id.  Lastly, Doria asks the Court to

21   take judicial notice of statements made by the Court at two previous hearings.  Id. at pg.

22   51.

23        In response, SolarCity asserts that having trial is a necessary prerequisite for a

24   motion for mistrial.  Doc. No. 162 at pg. 8.  SolarCity further contends that Doria's motion

25   for mistrial is premature because there has not been a final judgment in this case.  Id. at pg.

26   9. SolarCity argues that Doria's failure to oppose SolarCity's motion to dismiss (Doc. No.

27   152) caused his counterclaims to be dismissed.  Id. at pgs. 9-12.  SolarCity also contends

28   that  Doria's  misconduct  warranted  the  injunction,  and  this  Court  should  not  stay

1   proceedings for Doria to file an appeal because Doria's appeal is already untimely.  Id. at

2   pg. 12.  Lastly, SolarCity argues that Doria's request for judicial notice lacks necessary

3   supporting documentation, specifically transcripts from the hearings.  Id. at pg. 15.

4        The Court agrees with SolarCity that a new trial may be granted under Rule 59(a) of

5   the Federal Rules of Civil Procedure "on all or part of the issues…in an action in which

6   there has been a trial by jury, for any of the reasons for which new trial have heretofore

7   been granted in actions at law in the courts of the United States."  Fed. R. Civ. P. 59(a)(1).

8   Further, because Rule 59 does not instruct on the grounds upon which a motion for a new

9   trial may be granted, the Court must look to the grounds historically recognized by the

10  courts, including (1) the verdict is contrary to the clear weight of the evidence and (2) the

11  trial was unfair for some other reason.  Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th

12  Cir. 2007); Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1035 (9th Cir. 2002)); Ray

13  v. Volkswagen of America, 896 F.3d 1174, 1176 (9th Cir. 1990).  Considering that this

14  case has not yet reached the trial stage, the Court finds that granting a new trial pursuant to

15  Rule 59 of the Federal Rules of Civil Procedure is inapplicable.

16       However, Doria's motion for mistrial is best construed as a motion to reconsider.

17  Under the Federal Rules of Civil Procedure, a court may, upon motion, relieve a party from

18  final judgment or order for: "(1) mistake, inadvertence, surprise or excusable neglect; (2)

19  newly discovered evidence. . .; (3) fraud. . ., misrepresentation, or other misconduct of an

20  adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or

21  discharged. . .; or (6) any other reason justifying relief from the operation of judgment."

22  Fed. R. Civ. P. 60(b).  A motion for reconsideration "should not be granted, absent highly

23  unusual circumstances, unless the district court is presented with newly discovered

24  evidence, committed clear error, or if there is an intervening change in the controlling law."

25  Kona Enters.  v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted).

26  The Court finds that there has not been any mistake, inadvertence, surprise, excusable

27  neglect, newly discovered evidence, fraud, misrepresentation, or any other reason that

28  warrants the granting of Doria's motion to reconsider.  Doria does not raise any new issues

1   or present any new evidence that suggests reconsideration is necessary.  Doria has also not

2   indicated that there has been "an intervening change in the controlling law."  <u>Kona Enters.</u>,

3   229 F.3d at 890 (9th Cir. 2000).   Accordingly, the Court denies Doria's motion to

4   reconsider.

5         Further, in quoting both this Court's previous order granting SolarCity's motion to

6   dismiss (Doc. No. 155) Doria's second amended complaint and Civil Local Rule

7   7.1(f)(3)(c), the Court finds that, "[i]f an opposing party fails to file the papers in the

8   manner required by Civil Local Rule 7.1 e.2, that failure may constitute a consent to the

9   granting of a motion or other request for ruling by the court."  <u>See</u> Doc. No. 155 at pg. 2.

10  In addition, the Ninth Circuit has recognized that failure to follow a district court's local

11  rules is a proper ground for dismissal.  <u>See</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995)

12  (affirming a district court's dismissal of a *pro se* plaintiff's complaint for failure to timely

13  oppose a motion to dismiss where he had notice of the motion and ample time to respond).

14  Referencing the Court's previous decision (Doc. No. 155), the Court finds that pursuant to

15  Local Rule 7.1e.2, Doria's opposition to SolarCity's motion to dismiss was due by August

16  13, 2018.  <u>See</u> Doc. No. 155 at pg. 2.  Seeing that Doria did not file any responses by

17  August 28, 2018, the Court granted SolarCity's motion to dismiss.  <u>See</u> Doc. No. 155.  For

18  these reasons, the Court finds that its previous ruling is proper.

19        In addition, the Court notes that according to the Federal Rules of Appellate

20  Procedure, Doria had thirty (30) days to appeal this Court's decision on amending the

21  preliminary injunction.  Fed. R. App. Proc. (4)(a) & 5(a)(2).  Because nearly four months

22  expired between the time this Court issued the order amending the preliminary injunction

23  – May 23, 2018, and the filing of Doria's motion on September 25, 2018 – this Court finds

24  it inappropriate to stay proceedings at this time for Doria to file an appeal.  Accordingly,

25  the Court denies Doria's request to stay proceedings in this case.

26        Lastly, the Court finds that Doria has failed to give the Court "necessary

27  information" upon which the Court may consider for purposes of judicial notice.  <u>See</u> Fed.

28  R. Evid. 201.

1

## CONCLUSION

2    Based on the foregoing reasons, Defendant Daniel Doria's Motion (Doc. No. 159)

3 is **DENIED**.

4    **IT IS SO ORDERED**.

5 DATED: May 16, 2019

6

7

8    _____
     JOHN A. HOUSTON
9    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28